Submitted on record and briefs October 20, 1986, affirmed on appeal; affirmed as modified on cross-appeal March 4, reconsideration denied April 24, petition for review denied May 27, 1987 (303 Or 454)

In the Matter of the Marriage of

## MOORE,
*Respondent - Cross-Appellant,*
*and*

## MOORE,
*Appellant - Cross-Respondent.*

(D8405-63823; CA A37082)

733 P2d 482

Steven Allen Smith, Portland, filed the brief for appellant - cross-respondent Ozelle Moore.

Ronald Moore, Portland, filed the brief *pro se* for respondent - cross-appellant Ronald Moore.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this dissolution case, mother was awarded the custody of the parties' child. She appeals the visitation provisions of the judgment. On *de novo* review, we affirm.

Father cross-appeals. He makes three assignments of error regarding the child support provisions of the judgment. His arguments about the amount of child support that he was ordered to pay and the requirement that he pay support even when the child is with him lack merit. However, his argument that the trial court lacked authority to order him to pay child support for the period between the commencement of the action and the trial has merit.

ORS 107.095(1)[1] permits the trial court to order *pendente lite* child support. In this case, mother, who had temporary custody of the child, did not obtain a valid *pendente lite* support order.[2] At trial, she asked the court to order father to pay child support for the period between the commencement of the suit and the trial. The court concluded that that was equitable and granted her a judgment for $3,000.[3] Equity notwithstanding, we find no authority for the court's action. The court could and did award prospective child support. ORS 107.105(1). On these facts, however, the court lacked authority to award retroactive child support. Accordingly, we modify by deleting the $3,000 judgment.

Affirmed on appeal; on cross-appeal, judgment modified to delete $3,000 judgment; affirmed as modified. No costs to either party.

---

[1] ORS 107.095(1) provides, in relevant part:

"After the commencement of a suit for annulment or dissolution of marriage or for separation and before a decree therein, the court may provide as follows:

"* * * * *

"(b) For the care, custody, support and maintenance of the minor children of the marriage by one party or jointly[.]"

[2] Mother obtained a *pendente lite* support order. However, it was set aside, apparently because it was entered *ex parte* after father's attorney had notified mother's attorney that he could not attend the scheduled hearing.

[3] The court ordered that father pay $500 per month retroactive support. After giving him credit for the support he had paid voluntarily, the court gave mother a judgment for $3,000.