Argued and submitted June 3, affirmed August 5, 1998

In the Matter of the Marriage of

Edward Garside CHESTER, Jr.,
*Appellant,*

*and*

Julie Vial CHESTER,
nka Julie Vogel,
*Respondent.*

(9310-69058; CA A99790)

963 P2d 113

Mark A. Johnson argued the cause for appellant. With him on the brief was Findling & Johnson.

Janice B. Hall argued the cause for respondent. With her on the brief was Lawrence D. Gorin.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

RIGGS, P. J.

## RIGGS, P. J.

The parties' marriage was dissolved in 1993, and the court awarded the parties joint custody of their minor children. In 1995, the trial court modified the custody provisions of the 1993 dissolution judgment, giving mother physical custody of the children.

In this proceeding, brought pursuant to ORS 107.105(4), father sought temporary custody of the parties' minor children while they were visiting him in Idaho, pending resolution of a motion to prevent mother from moving with the children from Oregon to California and also pending an appeal and cross-appeal of the 1995 judgment modifying custody of the children from joint custody to physical custody of the children with mother.[1] Father also requested payment of his costs and attorney fees, citing ORS 107.105(4), ORS 107.095 and ORS 107.445.

Mother filed a motion in response to father's motion, seeking to retain custody of the children pending appeal of the custody judgment and asking for attorney fees, citing ORS 107.105(4). The motions were resolved in mother's favor, and the trial court ruled that it would allow mother to seek attorney fees in accordance with ORCP 68.

Mother filed a affidavit with regard to attorney fees, and father filed objections, challenging the reasonableness of the fee request but not raising any challenge to the court's authority to award fees. The court awarded mother fees in the amount of $12,500. Its order does not recite either the factual or legal basis for the award or address the court's rationale.

Father appeals, contending that the trial court lacked statutory authority to award fees and that despite the citation to ORS 107.105(4) in his own request for fees to the trial court, that statute does not in fact provide authority for an award of fees in this type of proceeding. Mother responds that father has waived any challenge to the court's authority to make the award, first by citing the same statute in his own

---

[1] The appeal and cross-appeal of the custody judgment have since been dismissed.

motion as authority for an award of fees and, second, for not having told the trial court that it lacked authority to award fees to mother. We conclude that mother is correct that father has both waived and failed to preserve his challenge to the court's authority to award fees. ORCP 68 C. Contrary to father's contention, there is no error apparent on the face of the record. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). As father has noted in his brief, three statutes related to dissolution proceedings are interconnected, ORS 107.095; ORS 107.105(4); ORS 107.445. It is not obvious or reasonably beyond dispute that they do not provide a basis for an award of attorney fees in this proceeding.[2] We further reject father's contention that the error, if any, is jurisdictional.

Affirmed.

---

[2] We express no opinion on the propriety of using ORS 107.105(4) as the basis for an award of attorney fees in circumstances such as these.