Argued and submitted November 16, affirmed December 27, 2000

STATE ex rel Robin L. OLSON,
*Petitioner,*

*v.*

Arthur A. RENDA,
*Respondent.*

(97-30023)

In the Matter of the Custody of
Cary Olson, a Minor Child.

Arthur A. RENDA,
*Appellant,*

*v.*

Robin L. OLSON,
*Respondent.*

(97-30292; CA A106058)

17 P3d 514

Nancy M. Brady argued the cause and filed the brief for appellant.

No appearance by respondent.

Before Haselton, Presiding Judge, and Wollheim and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Father appeals from an amended judgment in this consolidated proceeding that includes a filiation action, ORS 109.124 to ORS 109.237, and an action to determine the custody and support of a child, ORS 109.103. Father asserts that the trial court erred in requiring him to pay child support from the date the child was born and in awarding attorney fees to mother solely on the ground that she was the prevailing party.[1] We affirm.

In January 1997, mother, through the Benton County District Attorney, filed a filiation action against father.[2] The petition alleged that the parties are the unmarried parents of a child born in September 1995. Among other relief, mother sought custody of the child, together with past and future child support and attorney fees. In April 1997, the parties executed a "stipulated decree of paternity," which the court signed and entered. The paternity order[3] declared that father is the lawful parent of the child and awarded custody to mother, subject to reasonable parenting time for father. Also germane to the issues here, the paternity order provided that "the issue of support is held in abeyance pending financial documents from both [mother] and [father] to determine the amount of support to be paid."

In May, father filed a petition to establish custody and child support pursuant to ORS 109.103. In the petition,

---

[1] Father's remaining assignment of error does not merit discussion.

[2] The district attorney filed the action at mother's request pursuant to ORS 109.125(3).

[3] The paternity order, as explained more fully below, did not resolve all issues in the action and was not a final judgment under ORCP 67 B. Accordingly, it was an intermediate adjudication more properly described as an order. ORCP 67 A; *May v. Josephine Memorial Hospital*, 297 Or 525, 528 n 4, 686 P2d 1015 (1984). Further, we do not endorse the use of the term "decree." In 1979, ORCP 2 abolished all procedural distinctions between actions at law and suits in equity at the trial level, including the distinction between judgments and decrees. "Judgment" is the proper term for the final determination of the rights of the parties in an action. ORCP 67 A; *Webber v. Olson*, 330 Or 189, 190 n 1, 998 P2d 666 (2000). Although "decree" retains no independent legal meaning, its use has persisted, especially in domestic relations practice. For the dual sakes of consistency and clarity, its decent burial is long overdue.

father sought to reverse the custody arrangement established in the paternity order and requested that mother be ordered to pay child support. Father also sought attorney fees pursuant to ORS 107.105(1)(I). After filing the petition, father moved for and obtained an order consolidating the filiation action and the custody and support action. In his affidavit in support of consolidation, father's counsel stated:

"I believe it is appropriate that both cases be consolidated. They both deal with the best interests of the child with regard to custody placement, child support and visitation. Failure to consolidate could result in inconsistent results in these two cases."

The consolidated actions were tried to the court in December 1998. By the time of trial, father had abandoned his request for custody. The issues for decision included father's parenting time, the amount and beginning date of father's child support obligation, and the parties' requests for attorney fees. After trial, the court issued a letter opinion that decided all issues before it. The court ordered father to pay child support in the amount of $756 per month retroactive to October 1995, the month after the child's birth. With respect to attorney fees, the court determined that "mother has clearly prevailed herein, and should be awarded reasonable attorney fees, to be established as provided by law." On March 17, 1999, the court entered an amended judgment that included the foregoing awards. The amended judgment did not identify the document that it amended. The only dispositive document previously entered in either of the actions was the paternity order entered before consolidation in the filiation action. Father appeals from the amended judgment.

■■ We first address father's contention that the trial court erroneously awarded past child support to mother retroactive to October 1995. Father argues that the court lacked jurisdiction to award past support, because no such authority exists under ORS 109.103, the statute under which he filed the custody and support action. That statute provides, in part:

"If a child is born out of wedlock and paternity has been established, either parent may initiate a civil proceeding to

determine the custody or support of the child. * * * The parents shall have the same rights and responsibilities regarding the custody and support of their child that married or divorced parents would have, *and the provisions of ORS 107.095 to 107.425 that relate to the custody or support of children shall be applicable to the proceeding.*" (Emphasis added.)

Father correctly observes that a trial court lacks authority to award retroactive child support in a marital dissolution proceeding under ORS chapter 107. *Moore and Moore,* 84 Or App 182, 184, 733 P2d 482, *rev den* 303 Or 454 (1987) (court may award prospective child support under ORS 107.105(1), but has no authority to award retroactive support). Because the provisions of ORS chapter 107 relating to child support in marital dissolution actions also govern child support determinations under ORS 109.103, father asserts that the holding in *Moore* is controlling in this case. We disagree.

Father's argument fails to appreciate fully that the trial court awarded child support in the context of a consolidated proceeding that included a filiation action under ORS 109.124 to ORS 109.237. ORS 109.155(4) provides that "[t]he court shall have the power to order either parent to pay such sum as it deems appropriate for the *past* and future support and maintenance of the child * * *." (Emphasis added.) The paternity order expressly reserved the determination of father's past and future child support obligation for later adjudication. In fact, as his counsel's affidavit acknowledged, father sought consolidation, in part, to avoid the risk of inconsistent support determinations in the concurrently pending proceedings. Because the paternity order did not adjudicate all of the rights and liabilities of the parties under the pleadings, it did not terminate the action. ORCP 67 B. Accordingly, it was subject to revision at any time before the entry of final judgment in the consolidated proceeding. *Id.* When the trial court awarded past support in the amended judgment, it was authorized to do so under ORS 109.155(4). In fact, the court made clear in its opinion letter that it was acting pursuant to its authority in the filiation action, when it stated: "This proceeding was filed January 15, 1997. A stipulated judgment of paternity was entered April 29, 1997." The fact that the court may have lacked authority to award retroactive child support

under ORS 109.103 did not vitiate its unabated authority to make such an award by means of a final judgment under ORS 109.155(4).[4] The trial court did not err in exercising that authority.

■      Father next argues that the trial court erred in awarding attorney fees to mother solely because it identified her as the "prevailing party." The short answer to father's argument is that it is not preserved. As noted, the trial court's opinion letter stated that "mother has clearly prevailed herein, and should be awarded reasonable attorney fees, to be established as provided by law." Mother's attorney then filed and served a statement for attorney fees. *See* ORCP 68 C(4). Father was entitled to file any objection "founded in law or in fact," including the one he now makes on appeal, within 14 days after service of the statement. ORCP 68 C(4)(b). However, father filed no objection to mother's attorney fee statement. Because father did not raise his current objection before the trial court, he may not do so for the first time on appeal. ORAP 5.45(2); *Chester and Chester*, 155 Or App 348, 350-51, 963 P2d 113 (1998) (father could not, for the first time on appeal, argue that trial court erred in awarding attorney fees to mother in custody modification proceeding).

Affirmed.

---

[4] We reject father's alternative argument that, if the trial court awarded past support pursuant to ORS 109.155(4), it lacked authority to do so because the state may not use ORS chapter 416 (providing for recovery of public assistance payments) to pursue past support that is not owed to the state. *See* OAR 137-050-0610(3)(b). Whatever the abstract merits of that argument may be, the state did not seek to recover public assistance payments from father under ORS chapter 416. Mother was represented by private counsel at trial and sought past support on her own behalf. The administrative rule upon which father relies did not bar her claim.