Argued and submitted November 9, 2004, judgment vacated March 9, 2005

# Gordon Leroy BAILEY,
*Appellant,*

*v.*

# Jim VANDERKIN,
*Respondent.*

## C003115CV; A118232

108 P3d 68

James C. Hilborn argued the cause for appellant. With him on the brief was Garland, Griffiths, Lay, Suwada, Hilborn, et al.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

The trial court granted defendant's motion to enforce an alleged settlement agreement. For reasons that we will explain, the trial court lacked jurisdiction to render the resulting judgment. Accordingly, we vacate the judgment.

Plaintiff and defendant formed a limited liability company. After their business relationship deteriorated, plaintiff filed a complaint (1) seeking a declaration that defendant had withdrawn as a member of the company and that plaintiff had elected to purchase defendant's interest in the company and (2) alleging that defendant had breached the operating agreement and his fiduciary duties. At a hearing concerning a temporary restraining order in December 2000, the parties apparently reached a settlement. Then, in September 2001, the trial court rendered a judgment dismissing the case for lack of prosecution "[p]ursuant to UTCR 7.020 and/or local policy." The record does not include an order setting aside the judgment of dismissal, and the parties did not appeal that judgment. Instead, a few months later, in December 2001, defendant filed a motion to enforce the alleged December 2000 settlement agreement. The trial court granted the motion. This appeal followed.

██ We begin by addressing whether the trial court had jurisdiction to enter the judgment concerning the enforcement of the settlement agreement when a judgment dismissing the case had already been entered. Even though plaintiff did not raise that issue,[1] we have the obligation to consider it *sua sponte. See Hood River County v. Stevenson,* 177 Or App 78, 81, 33 P3d 325 (2001).

The Oregon Rules of Civil Procedure establish the requirements for commencing and terminating an action. ORCP 3 provides that, "[o]ther than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court." In turn, a "judgment" is the

---

[1] Defendant did not file a brief in this court. *See* ORAP 5.60 ("If the respondent files no brief, the cause will be submitted on the appellant's brief and appellant's oral argument, and the respondent shall not be allowed to argue the case.").

"final determination of the rights of the parties in an action." ORCP 67 A (2001);[2] *see also State ex rel Olson v. Renda*, 171 Or App 713, 717, 17 P3d 514 (2000) ("Because the paternity order did not adjudicate all of the rights and liabilities of the parties under the pleadings, it did not *terminate* the action. Accordingly, it was subject to revision at any time before the entry of final judgment in the consolidated proceeding." (Citation omitted; emphasis added.)). The court's jurisdiction in an action, generally, corresponds to those two events. In other words, the commencement of an action is the point at which the court may acquire jurisdiction. In turn, the termination of the action is the point at which the court loses jurisdiction over that action except as provided by law. ORCP 71 is such an exception. That rule provides a procedure by which the court may relieve a party from the effects of a judgment after its entry.

In this case, the trial court entered a judgment dismissing the case on September 13, 2001. Thereafter, neither party appealed that judgment nor sought to have it set aside. Instead, defendant filed a motion in the action to enforce the alleged December 2000 settlement agreement. Under those circumstances, the trial court lacked jurisdiction to grant the motion and adjudicate the subject matter of that motion in a judgment. Accordingly, the trial court's order granting the motion and its resulting judgment are nullities.

Judgment vacated.

---

[2] ORCP 67 A was amended in 2003 by House Bill 2646. Or Laws 2003, ch 576, § 568. Those amendments became effective on January 1, 2004. However, because the judgment of dismissal and the judgment from which plaintiff appeals were entered before January 1, 2004, we apply the 2001 version of ORCP 67 A.