Argued and submitted September 18, 2012, child support award reversed and remanded; otherwise affirmed November 20, 2013

In the Matter of

Jamie LELOFF,
*Petitioner-Respondent,*
*and*

Justin FONG,
*Respondent-Appellant.*

Columbia County Circuit Court
103054; A149343

314 P3d 711

Robert A. Lucas argued the cause for appellant. With him on the brief was Lucas & Associates, LLC.

Gregory B. Soriano argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

Father appeals a judgment establishing custody, parenting time, and child support for the parties' minor child. On appeal, father asserts that the trial court erred in ordering that child support should commence from the date that the parties separated because the petition was filed pursuant to ORS 109.103 and the court, therefore, did not have authority to order retroactive child support. Mother responds that, because she had filed a motion in the action in which she cited ORS 109.155(4), the trial court could order retroactive support pursuant to that statutory provision. We agree with father that the court committed legal error and, therefore, reverse and remand with respect to the child support award.

The pertinent facts are few and undisputed. The parties are the never-married parents of the child, who was born in November 2008. Mother and father lived together at the time the child was born; they separated in approximately October 2009. Paternity of the child was established by the filing of a voluntary acknowledgement of paternity with the State Registrar of the Center for Health Statistics. After mother and father separated, in February 2010, mother filed a petition to determine custody, child support, and parenting time pursuant to ORS 109.103. She filed an amended petition in May 2010.

In August 2010, while the case was pending, mother filed a motion for temporary support, custody, and parenting time. In part, she requested an order "[r]equiring [father] to pay child support to [mother] pursuant to the Oregon Child Support Guidelines." She further asserted that "pursuant to ORS 109.155[,] child support [should] commence" as of the date of the child's birth. Mother's request for temporary support was not heard separately from the court's consideration of the petition to determine child support, custody, and parenting time.[1] The court held a hearing on the merits of the petition in February 2011. Mother submitted a hearing memorandum asserting, in part, that the court should order father to pay retroactive child support pursuant to ORS 109.155.

---

[1] Although a hearing on the motion for temporary support was scheduled for November 2010, that hearing was later cancelled.

After the hearing, the court issued a letter opinion. As pertinent here, the court noted that one of the issues in dispute was the appropriate start date for child support and what amount, if any, should be awarded as arrearages. It determined that the start date for child support should be retroactive to the date the parties separated: "Arrearages start from the time that the [c]ouple separated. The couple separated in October 2009. The child required financial support from that time forward. The [a]rrearages start in November of 2009." Father contended that the judgment should not include any arrearage and eventually the court held an additional hearing on that issue. However, it did not change its decision and, ultimately, entered a general judgment providing for child support retroactive to the date of the parties' separation:

> "The Court finds that child support commences from the time that the parties separated in October 2009. The Court finds that the arrearages commence on November 1, 2009. There are 19 months from November 2009 through May 31, 2011. 19 months times $787 per month child support is $14,953. The Court finds that Respondent has paid $6,444 in child support during the pendency through May 24, 2011. The Court finds that the child support arrears owed to Petitioner * * * are in the amount of $8,509. The Court finds the arrears are to be paid at a rate of 20% of the $787 monthly support order * * * in addition to the monthly child support amount[.]"

It is that provision of the judgment that is at issue on appeal.

As noted, father contends that the "trial court erred in ordering that child support should commence from the date the parties separated." In particular, he asserts that the court could not order child support retroactive to the date of separation under the statutes applicable to this case and that, although mother argued to the trial court that ORS 109.155(4) could be used to award retroactive child support, "this was not a filiation proceeding brought under ORS 109.124 and following" and "ORS 109.155 does not apply." Mother responds that the court could properly order retroactive support pursuant to ORS 109.155.

We begin by noting the distinction between proceedings brought under ORS 109.103 and those brought under the filiation statutes, ORS 109.124 to 109.237.

ORS 109.103(1)[2] provides:

"If a child is born to an unmarried woman and paternity has been established under ORS 109.070, * * * either parent may initiate a civil proceeding to determine the custody or support of, or parenting time with, the child. The proceeding shall be brought in the circuit court of the county in which the child resides or is found or in the circuit court of the county in which either parent resides. The parents have the same rights and responsibilities regarding custody and support of, and parenting time with, their child that married parents would have, and the provisions of ORS 107.093 to 107.449 that relate to custody, support and parenting time, and the provisions of ORS 107.755 to 107.795 that relate to mediation procedures, apply to the proceeding."[3]

---

[2] The legislature amended ORS 109.103 in 2013. *See* Or Laws 2013, ch 126, § 2; Or Laws 2013, ch 127, § 2. Those amendments are not pertinent to the issues in this case. Throughout this opinion, all references are to the 2011 versions of the relevant statutes.

[3] Pursuant to ORS 109.070(1),

"[t]he paternity of a person may be established as follows:

"(a) A man is rebuttably presumed to be the father of a child born to a woman if he and the woman were married to each other at the time of the child's birth, without a judgment of separation, regardless of whether the marriage is void.

"(b) A man is rebuttably presumed to be the father of a child born to a woman if he and the woman were married to each other and the child is born within 300 days after the marriage is terminated by death, annulment or dissolution or after entry of a judgment of separation.

"(c) By the marriage of the parents of a child after the birth of the child, and the parents filing with the State Registrar of the Center for Health Statistics the voluntary acknowledgement of paternity form as provided for by ORS 432.287.

"(d) By filiation proceedings.

"(e) By filing with the State Registrar of the Center of Health Statistics the voluntary acknowledgement of paternity form as provided for by ORS 432.287. Except as provided in subsections (4) to (7) of this section, this filing establishes paternity for all purposes.

"(f) By having established paternity through a voluntary acknowledgement of paternity process in another state.

"(g) By paternity being established or declared by other provision of law."

Thus, the parts of the marital dissolution statutes relating to child support govern child support determinations brought under ORS 109.103. Generally, a trial court may not "award retroactive child support in a marital dissolution proceeding under ORS chapter 107." *State ex rel Olson and Renda,* 171 Or App 713, 717, 17 P3d 514 (2000); *see* ORS 107.095(1)(b) (after commencement of a dissolution proceeding and until a general judgment, the court may provide "[f]or the care, custody, support, and maintenance, by one party or jointly, of the minor children"); ORS 107.105(1)(c) (in a dissolution judgment, a court may provide for child support and the judgment may include an amount for support as requested in a "petition filed under ORS 107.085 or under a motion for relief made pursuant to ORS 107.095(1)(b) for which a limited judgment was not entered, *payment of which commences no earlier than the date the petition or motion was served on the nonrequesting party*" (emphasis added)).

In contrast to proceedings under ORS 109.103, proceedings may be brought under the filiation statutes in order to establish paternity and, once paternity is established, to determine child support and custody. A proceeding under those provisions "shall be initiated by the filing of a duly verified petition" containing certain particular information. ORS 109.125(2). The court, in such proceedings,

"in a private hearing, shall first determine the issue of paternity. If the respondent admits the paternity, the admission shall be reduced to writing, verified by the respondent and filed with the court. If the paternity is denied, corroborating evidence, in addition to the testimony of the parent or expectant parent, shall be required."

ORS 109.155(1). After paternity is established, the "court may order either parent to pay such sum as the court deems appropriate for the past and future support and maintenance of the child during the child's minority and while the child is attending school." ORS 109.155(4). In addition, the court may order "reasonable and necessary expenses incurred or to be incurred in connection with prenatal care, [and] expenses attendant with the birth and postnatal care." *Id.* Thus, filiation proceedings provide for more extensive retroactive support than is contemplated in the dissolution statutes (and, therefore, in proceedings under ORS 109.103).

Mother contends, however, that, under this court's decision in *Olson*, the trial court could use ORS 109.155(4) to award support back to the date of the parties' separation. *Olson* involved a "consolidated proceeding that include[d] a filiation action, ORS 109.124 to ORS 109.237, *and* an action to determine custody and support of a child, ORS 109.103." 171 Or App at 715 (emphasis added). In that case, as part of the filiation proceeding, the parties executed a stipulated decree of paternity, which the court signed and entered. *Id.* After trial of the consolidated actions, the court ordered the father to pay child support retroactive to the month after the child's birth. The father contended on appeal that the trial court lacked authority to award retroactive child support "because no such authority exists under ORS 109.103, the statute under which he filed the custody and support action." *Id.* at 716. We explained that, although the father was correct that the trial court lacked authority to award the retroactive support at issue under the dissolution statutes, his "argument fails to appreciate fully that the trial court awarded child support in the context of a *consolidated proceeding that included a filiation action* under ORS 109.124 to ORS 109.237." *Id.* at 717 (emphasis added). Because not all issues in the filiation action had been resolved at the time the trial court entered its judgment in that case, we concluded that the court was authorized to award past child support as part of the judgment in the consolidated case. "The fact that the court may have lacked authority to award retroactive child support under ORS 109.103 did not vitiate its unabated authority to make such an award by means of a final judgment under ORS 109.155(4)." *Id.* at 717-18.

In this case, unlike *Olson*, it is undisputed that the petition was filed solely pursuant to ORS 109.103.[4] It is further undisputed that, at the time the petition was filed, paternity had been established under ORS 109.070 by the filing of a form containing a voluntary acknowledgement of paternity. Thus, paternity was never at issue in this case, and there was no filiation action. ORS 109.155(4), on which mother relied to seek support retroactive to the date of separation, allows for appropriate past and future support *in a*

---

[4] The petition, on its face, states that it is a petition for custody, parenting time, and child support under ORS 109.103.

*filiation action.* Given that this case did not involve filiation, ORS 109.155(4) does not provide authority for the retroactive support awarded. Instead, the provisions of ORS chapter 107 relating to child support govern the child support determination in this case. Because ORS 109.155(4) does not apply here, we agree with father that the trial court erred in awarding child support retroactive to the date of the parties' separation.

Child support award reversed and remanded; otherwise affirmed.