Argued and submitted October 13, 1999, decision of Court of Appeals reversed and judgment of circuit court affirmed in CA A98055 April 6, 2000

Lorene K. WEBBER,
as personal representative on behalf of
the Estate of Belden R. Webber, deceased,
*Respondent on Review,*

*v.*

Georgene A. OLSEN,
aka Georgene A. Webber,
*Petitioner on Review.*

(CC 96-3537-L-I; CA A98055)

Lorene K. WEBBER,
fka Lorene K. Piper, Kenneth R. Webber,
Stevan G. Webber, Michael T. Webber,
*Plaintiffs-Appellants,*

*v.*

Georgene A. OLSEN,
fka Georgene A. Webber,
and Anthem Life Insurance Company,
a Texas corporation,
*Defendants-Respondents.*

(CC 94-1788-E-2; CA A98078; SC S46063)

998 P2d 666

Timothy E. Brophy, of Brophy, Mills, Schmor, Gerking & Brophy, LLP, Medford, argued the cause for petitioner on review. With him on the brief was Mark Weaver.

Matthew Sutton, of Kellington, Krack, Richmond, Blackhurst & Sutton, LLP, Medford, argued the cause for respondent on review. With him on the brief was Douglas J. Richmond.

LEESON, J.

## LEESON, J.

The issue in this action for breach of contract is whether the trial court erred in granting defendant's motion for summary judgment on plaintiff's claims for breach of an implied duty of good faith and fair dealing and breach of an implied promise to notify in a stipulated decree of dissolution of marriage.[1] Defendant moved for summary judgment on various grounds, including that a stipulated judgment is not a contract on which a breach of contract action may be maintained. The trial court granted defendant's motion and entered a judgment dismissing plaintiff's claims. The Court of Appeals reversed.[2] *Webber v. Olsen*, 157 Or App 585, 971 P2d 448 (1998). For the reasons that follow, we reverse the decision of the Court of Appeals and affirm the judgment of the trial court.

On review of the summary judgment in this case, we view the facts in the light most favorable to plaintiff, the non-moving party, to determine whether defendant is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). The facts are not disputed. Defendant Georgene Olsen and decedent Belden Webber were married to one another for approximately 26 years. During that time, decedent had named defendant as the beneficiary of the proceeds of a life insurance policy that decedent had held, which contained a death benefit of approximately $78,000 at the time decedent died. In 1988, defendant and decedent entered into a stipulated judgment of dissolution of marriage. However, they did not enter into a

---

[1] The term "judgment," as used in the Oregon Rules of Civil Procedure, includes decrees and is the proper term for "the final determination of the rights of the parties in an action[.]" *See* ORCP 67 A ("judgment" includes decrees); *State ex rel Costello v. Cottrell*, 318 Or 338, 340 n 2, 867 P2d 498 (1994) ("judgment" proper term). Accordingly, in this opinion, we use the term "judgment," rather than the term "decree" that was used by the Jackson County Circuit Court.

[2] The trial court consolidated this breach of contract action with a separate declaratory judgment action brought by plaintiffs Lorene Webber, Kevin Webber, Stevan Webber, and Michael Webber. The declaratory judgment action sought a declaration that the plaintiffs were entitled to the proceeds of two life insurance policies held by decedent Belden Webber. The trial court and the Court of Appeals resolved the issues in both actions. Defendant has petitioned for review of the Court of Appeals' decision in the breach of contract action only.

separate property settlement agreement. Under the judgment, defendant received the parties' house in Talent, Oregon. The judgment also provided that decedent would maintain defendant as the primary beneficiary of the life insurance policy and that defendant would leave the house to decedent in her will. Additionally, the judgment provided:

> "If [defendant] sells, mortgages, or in any way no longer has any interest in said property, then [decedent's] obligation to list [defendant] as the primary beneficiary under the insurance policies shall terminate."

In January 1990, defendant sold the house. She did not inform decedent that she had sold it, but the sale was recorded in the real property records for Jackson County. Decedent married plaintiff in 1991. Decedent did not discover that defendant had sold the house until a few days before his death in 1993. When decedent died, defendant still was the primary beneficiary on decedent's life insurance policy, and she became entitled to the proceeds.

Plaintiff, as the personal representative of decedent's estate, brought this action for breach of contract. Plaintiff's complaint alleged that defendant and decedent had *"agreed in the [judgment]"* that, if defendant sold the house, then decedent no longer would be required to name her as the beneficiary of the insurance policy. (Emphasis added.) Plaintiff's complaint also alleged that *"[t]he [judgment] carried with it an implied covenant"* that both defendant and decedent would act in good faith "to effectuate the reasonable expectations of the parties thereunder." (Emphasis added.) Finally, plaintiff's complaint alleged that *"[i]mplicit in the terms of the [judgment]* is an obligation of the defendant to notify the decedent in the event she sold the property." (Emphasis added.) According to plaintiff's complaint, defendant breached her implied promise to notify decedent when she sold the house without notifying decedent, and she breached the terms of the implied covenant and by claiming the proceeds of the life insurance policy even though she had sold the house before decedent died.

Defendant responded that a stipulated judgment is not a contract on which an action for breach of contract may be maintained and that defendant and decedent had not

entered into a separate property settlement agreement that would support plaintiff's breach of contract action. According to defendant, plaintiff's sole remedy was under the judgment. As noted, the trial court agreed with defendant, granted her motion for summary judgment, and entered a judgment in her favor.

The Court of Appeals reversed. In that court's view, defendant and decedent had entered into a separate property settlement agreement that supported plaintiff's claim for breach of contract:

"Whether or not a separate document exists that embodies a contractual agreement between the parties does not determine whether the parties entered into a stipulated property settlement agreement."

*Webber*, 157 Or App at 596. Having held that defendant and decedent had a separate, albeit unwritten, property settlement agreement, the Court of Appeals further held that "the alleged obligation in question here is one involving a future act other than the payment of money." *Id.* at 595. That court also held that a genuine issue of material fact existed as to whether the settlement agreement included a good faith obligation on defendant's part to notify decedent of the sale of the house. *Id.* at 596-97. Accordingly, it held that the trial court had erred in granting defendant's motion for summary judgment on plaintiff's breach of contract claim, and it remanded the case to the trial court. We allowed defendant's petition for review.

As a preliminary matter, we note that parties to a dissolution of marriage may and often do enter into separate agreements regarding the terms of the dissolution. Generally, if the parties ask the trial court to incorporate all or part of their agreement into the judgment, and the trial court agrees to do so, then the parts of the agreement that are incorporated into the judgment merge into the judgment. *See, e.g., Rigdon v. Rigdon*, 219 Or 271, 276, 347 P2d 43 (1959) (separate property settlement agreement merged into judgment). The trial court is not required to incorporate into the judgment agreements that are "unfair to one or the other of the parties." *McDonnal and McDonnal*, 293 Or 772, 778, 652 P2d 1247 (1982). As a matter of law, agreements that call

for the performance of future acts other than the payment of money do not merge into the judgment. *See, e.g., Carothers v. Carothers*, 260 Or 99, 102, 488 P2d 1185 (1971) (so stating).[3]

■　　　In this case, the parties concede that defendant and decedent did not enter into a separate property settlement agreement. None of the above-emphasized portions of plaintiff's complaint for breach of contract points to or relies on a property settlement agreement. Thus, the issue is not whether defendant and decedent had entered into a property settlement agreement that would support plaintiff's action for breach of contract, or whether such an agreement can be implied from their stipulations. Rather, the issue is whether a stipulated judgment of dissolution also is a contract upon which an action for breach of contract may be maintained.

　　　Defendant argues that a stipulated judgment "should be treated the same as a judgment entered after trial." She contends that, if the Court of Appeals' decision is allowed to stand, then it will "give rise to claims for breach of contract whenever one of the parties to a judgment violates the terms of the judgment." Plaintiff responds that "a negotiated, stipulated judgment is no different from any other contract." That is, it is negotiated, it manifests the parties' mutual assent to the terms of their agreement, and the exchange of rights and obligations provides the necessary consideration. She concludes that, "since a stipulated judgment is fundamentally no different than any other contract, a party thereto has the same basic remedies as a party to any other contract."

　　　This court never has held that a stipulated judgment is both a judgment and a contract such that both contractual remedies and remedies under the judgment are available to a party that is dissatisfied with the other party's performance under the terms of the judgment. For the following reasons, we decline to do so here.

---

[3] The Court of Appeals questioned the continuing viability of the future acts exception to the merger doctrine, *Webber*, 157 Or App at 595, and the parties have briefed the merits of that issue at length before this court. However, in light of our disposition, we do not reach that issue in this case.

■ A stipulated judgment has the same effect as a judgment that is entered after a trial on the merits of a claim. *See Hartung v. Unander et al*, 224 Or 165, 173, 355 P2d 738 (1960) (so stating). A judgment sets out a trial court's final determination of a matter. ORCP 67 A. After a court has entered a judgment, the law provides specific remedies that are available under the judgment. Those remedies include seeking to modify the judgment or to be relieved of the terms of the judgment under the provisions of ORCP 71; enforcing the judgment through contempt proceedings, ORS 33.015 to ORS 33.155; and seeking a declaration of the parties' rights and duties under the judgment, ORS 28.010. Some remedies that are available under a judgment resemble remedies that are available under a contract, such as fraud, mutual mistake, or absence of consent. *Compare Westfall v. Wilson*, 255 Or 428, 431, 467 P2d 966 (1970) (so stating), *with Webb v. Culver*, 265 Or 467, 470, 509 P2d 1173 (1973) (contract may be reformed based on fraud). However, no Oregon statute or opinion of this court of which we are aware allows a party to bring an action for breach of contract for a violation of a judgment. Plaintiff offers no reason why a stipulated judgment of dissolution of marriage should be treated differently from any other stipulated judgment, and we can think of none.

■ To the contrary, our cases establish that a stipulated judgment of dissolution of marriage is distinct from a contract because, "when a claim arising from a contract is held to have merged into a judgment, a party cannot maintain an action on the contract for those claims, but may enforce the judgment only[.]" *Barrett and Barrett*, 320 Or 372, 378, 886 P2d 1 (1994). It follows that contractual remedies are not available under the judgment itself. If parties who are dissolving their marriage wish to retain contractual remedies as well as the remedies that are available under the dissolution judgment, then they may do so by entering into an agreement and identifying which, if any, of the terms of their agreement they wish to have the court incorporate into the judgment and which terms they wish to have survive as separate agreements. *See Esselstyn v. Casteel et al*, 205 Or 344, 355-56, 286 P2d 665 (1955) (contract remedies available for breach of property settlement agreement not incorporated into judgment).

In this case, defendant and decedent agreed only to a stipulated judgment, and plaintiff's breach of contract action alleges violations of implied terms of that judgment. Because a violation of a term of a judgment does not give rise to an action for breach of contract, the Court of Appeals erred in reversing the trial court's grant of defendant's motion for summary judgment.

The decision of the Court of Appeals in CA A98055 is reversed. The judgment of the circuit court in CA A98055 is affirmed.