Argued and submitted July 24, affirmed October 22, 2003

# In the Matter of the Marriage of

## Douglas MARESH,
*Appellant,*

*and*

## Kathy Adele MARESH,
*Respondent.*

### 00-3032; A119156

78 P3d 157

Barry Adamson argued the cause and filed the brief for appellant.

Mark Johnson argued the cause for respondent. On the brief was Patricia D. Gaw.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

## BREWER, J.

After petitioner failed to pay respondent amounts owed under the property division provisions of the judgment dissolving the parties' marriage, respondent petitioned for a sheriff's sale of the parties' former marital residence.[1] Petitioner appeals from the order granting respondent's petition, arguing that the trial court erred in determining that he was not entitled to a homestead exemption as provided in ORS 23.240(1). Because the trial court's ruling was based on the interpretation of a statute, we review for errors of law. *Holbrook v. Precision Helicopters, Inc.*, 162 Or App 538, 541, 986 P2d 646, *rev den*, 329 Or 527 (1999). We affirm.

The judgment dissolving the parties' marriage was entered in January 2001. Paragraph 18 of the judgment awarded the marital residence and real property to petitioner "free of any interest of Respondent." However, it further provided that respondent was "awarded a judgment lien against the property awarded to Petitioner in the amount of $25,700 to be paid as set forth in paragraph 14 above." Paragraph 14 of the judgment provided:

"14.  PROPERTY DIVISION JUDGMENT.

"(a)  Respondent is awarded a judgment against Petitioner in the amount of $25,700 on account of property division.

"(b)  This judgment shall be a lien on the real property awarded to Petitioner in Paragraph 17 herein.

"(c)  This judgment shall be secured by a note and trust deed, which shall be executed by Petitioner.[2]

---

[1] For consistency with our description of the underlying dissolution judgment, we refer to the parties by their designations in the marital dissolution proceeding.

[2] The record does not disclose whether, in fact, petitioner executed a note and trust deed in respondent's favor. The parties did not address, either before the trial court or in their briefs on appeal, the significance of paragraph 14(c) of the judgment. Nor did they address paragraph 20 of the judgment, which provides, in part, that if either party fails to execute a document required of him or her within 30 days after the entry of judgment, the "judgment shall be deemed the legal equivalent thereof pursuant to the provisions of ORCP Rule 78 A." When queried during oral argument as to the meaning and effect of those provisions, neither party suggested that they were pertinent to the disposition of this proceeding. We express no opinion concerning that issue.

"(d)   This judgment shall not bear interest if paid on time. If this judgment is not paid on time, then this judgment shall bear simple interest at the rate of 9% per year until paid in full.

"(e)   This judgment shall be due and payable as follows:

"(1)   $5,000 to be due and payable on February 23, 2001.

"(2)   $20,700 to be due and payable February 23, 2002."

Thereafter, petitioner paid a total of $1,652.50 on the judgment. On April 3, 2002, respondent filed a petition for sale of the real property to satisfy the remaining balance owed on the judgment.[3] In the petition, respondent conceded that the real property included a manufactured home that constituted petitioner's residence. Petitioner objected to the sale of the property on the ground that it was exempt under ORS 23.240 from execution. The trial court determined that the property was not exempt and ordered its sale. Petitioner appeals from that order. *See* ORS 19.205(2)(c).

---

[3] The petition for sale was based on ORS 23.445, which provides, in part:

"(1)   As used in this section and ORS 23.450 and 23.515:

"(a)   'Mobile home' does not include a mobile home that is held as inventory for sale or lease in the ordinary course of business.

"(b)   'Residential real property' means a single family dwelling or condominium unit.

"(2)   The sheriff may not sell the residential real property or the mobile home of a natural person on execution without an order of the court authorizing the sale.

"(3)   The holder of a judgment desiring to have the residential real property or the mobile home of a natural person sold on execution may petition the court for an order authorizing the sheriff to sell. The petition must:

"(a)   Identify the judgment under which the property is to be sold and the amount due thereon;

"(b)   Indicate if the judgment arises out of an order or decree for child support as described in ORS 23.242;

"(c)   Identify the residential real property or mobile home to be sold;

"(d)   Allege whether the property is a homestead or not; and

"(e)   If the property is a homestead, allege facts showing that it may nevertheless be sold on execution."

At the heart of the parties' dispute is ORS 23.240(1), which provides, in part:

> "A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, *except as otherwise provided by law* * * *. The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent or child * * *."

(Emphasis added.) The dispositive issue is whether the emphasized exception to the homestead exemption precludes its application in this case.

According to petitioner, any levy of execution on the judgment awarded to respondent is subject to the $25,000 exemption prescribed by the statute. Petitioner relies on three statutes to support his argument that the exception to the exemption does not apply here. First, he asserts that ORS 23.242(2), which provides that the homestead exemption does not apply to certain child support judgments but fails to refer to property division judgments, furnishes evidence of the legislature's intention to subject the latter type of judgment to the exemption. He also relies on ORS 23.250 and ORS 23.260, which, respectively, limit the quantity of land that may be subjected to the exemption and except from their application construction liens, purchase money liens, and mortgages. Again, because those statutes fail to mention property division judgments expressly, petitioner asserts that such judgments are subject to the exemption. Among other arguments, respondent counters that such a construction of ORS 23.240(1) would defeat the purpose of the dissolution judgment, which was to balance the division of the parties' property.

■■ The parties' dispute presents a problem of statutory construction that we resolve under the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We examine first the text of the statute in context to determine whether the legislature's intended meaning has been expressed unambiguously. If the statute is ambiguous, we resort to legislative history and, when necessary, other aids to construction. *Id.* at 611-12.

■　　In his discussion of various statutes that conceivably could "otherwise provide" that the homestead exemption is inapplicable to the present case, petitioner refers only in passing to ORS chapter 107, the statutory source of the trial court's authority in crafting the dissolution judgment. Petitioner asserts that "no aspect of ORS [c]hapter 107 empowers the courts to thwart * * * the statutory right implemented via ORS 23.240." We disagree.

ORS 107.105(1)(f) states, in part, that a dissolution judgment may provide:

> "For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. * * * Subsequent to the filing of a petition for annulment or dissolution of marriage or separation, the rights of the parties in the marital assets shall be considered a species of coownership, and a transfer of marital assets under a decree of annulment or dissolution of marriage or of separation entered on or after October 4, 1977, shall be considered a partitioning of jointly owned property."

Both of the quoted sentences in that statute inform our decision here.

The first sentence authorized the trial court to award the parties' real property to one of them while creating an adjusting money lien against the property in favor of the other. Fulfillment of the court's duty to make a division of property that is "just and proper in all the circumstances" depends on its authority to make financial adjustments without the unbalancing effect that would result from later application of the homestead exemption. That authority is most critical where, as here, the parties owned only one parcel of real property, thus creating a circumstance in which it was likely that one spouse ultimately would receive that parcel free of any ownership interest of the other. If the spouse whose interest was converted to a balancing money judgment were to lose a substantial portion of the lien created by that judgment based on the operation of ORS 23.240, the ultimate division of property would not be just and proper in all the circumstances. Accordingly, the dissolution trial court's

authority to make a just and proper division of property excepted respondent's judgment lien from the application of ORS 23.240(1).[4]

The second quoted sentence of ORS 107.105(1)(f) reinforces our conclusion. It provides that the division of the parties' real property constituted a "partitioning of jointly owned property." That provision implements " '[t]he purpose to be accomplished by equitable division[:] a complete severance of common title, so the portion awarded each [spouse] is free from claims or domination of the other.' " *Engle and Engle*, 293 Or 207, 217, 646 P2d 20 (1982) (quoting *Collins v. Oklahoma Tax Commission*, 446 P2d 290 (Okla 1968)); *see also* ORS 107.105(6) (providing for supplemental proceedings after dissolution judgment for partition of undivided interests in property and prescribing procedure provided in ORS 105.405, the general partition statute).

In partition proceedings, a primary consideration for the court in determining whether to permit an owner to acquire the interest of another owner is preventing the diminution in value of the transferor's interest in the property. *Maupin v. Opie*, 156 Or App 52, 65-66, 964 P2d 1117, *rev den*, 328 Or 194 (1998). Here, the dissolution trial court addressed that concern by securing the value of respondent's interest in the property with a judgment lien. That lien attached to the interest that was transferred to petitioner by virtue of the dissolution judgment. If the lien were subject to the homestead exemption, the objective of properly partitioning the parties' property would be frustrated.[5]

---

[4] Similar statutory provisions uniformly have led courts in other jurisdictions to conclude that statutory homestead exemptions are inapplicable in the context of the division of marital property. *See Pearson v. Pearson*, 169 Vt 28, 36-37, 726 A2d 71, 76 (1999) (stating that, "[i]f the homestead exemption were to apply to the division of marital property, the language of [the dissolution statute] that 'all property owned by either or both of the parties, however and whenever acquired, shall be subject to the jurisdiction of the court' for division, regardless of ownership or title, would be contravened"); *see also Belz and Belz*, 541 NW2d 894, 895 (Iowa 1995) (holding that dissolution statute empowering court "to divide the property of the parties and transfer the title of the property accordingly" provided a "special declaration" that overrides a homestead exemption).

[5] Our conclusion is consistent with the result in *Dressler v. Dressler*, 261 Or 265, 493 P2d 1053 (1972), where the Supreme Court held that ORS 23.240 did not apply to an execution sale on a judgment entered in a partition proceeding

We conclude that ORS 107.105(1)(f) "otherwise pro-vide[s] by law" for a division of marital property that is not subject to the homestead exemption. The fact that other stat-utes provide additional and expressly recognized exceptions to the exemption does not undermine that conclusion.

Affirmed.

---

concerning the property for which the exemption was sought. Petitioner energeti-cally criticizes the court's reasoning in *Dressler*, and he also argues that it is distin-guishable from the circumstances here. Although we agree that factual and proce-dural differences exist between this case and *Dressler* and that the court did not explain at length its reasoning in that case, we nonetheless acknowledge it in passing.