Argued and submitted March 17, 2011, supplemental judgment entered June 15, 2009, reversed; otherwise affirmed January 25, 2012

In the Matter of the Marriage of

Caroline V. BERRY,
aka Carolyn Vaudine Berry,
*Petitioner-Respondent,*

*and*

Noel Bruce HUFFMAN,
*Respondent-Appellant.*

Multnomah County Circuit Court
060261720; A142774

271 P3d 128

Elizabeth A. Trainor argued the cause and filed the briefs for appellant.

Herb Weisser argued the cause for respondent. With him on the brief was Herb Weisser, P.C.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

## HASELTON, P. J.

In this contentious, convoluted, and protracted domestic relations dispute, husband appeals from two supplemental judgments,[1] raising several assignments of error. We reject without published discussion all of husband's assignments of error except for his first, which pertains to an award of attorney fees to wife in the supplemental judgment entered on June 15, 2009. As explained below, we conclude that, contrary to the trial court's determination, an award of attorney fees is not authorized under ORS 107.135(8), as predicated on ORS 107.135(15); nor is there any fee entitlement, as wife alternatively argues, under ORS 107.105(1)(j). Accordingly, we reverse the June 15, 2009, supplemental judgment awarding fees to wife, but otherwise affirm.

A comprehensive account of the parties' dispute would be of no benefit to the bench, the bar, or the public. The circumstances material to our review of the challenged fee award are limited and relatively straightforward. The parties' marriage was dissolved in April 2007 pursuant to a stipulated general judgment. That judgment provided, *inter alia*, that, as an element of "family support," husband would make specified payments, including mortgage and tax payments on the marital residence until the residence was sold on or before June 15, 2010, with the parties continuing to own the residence as tenants-in-common until the sale. The judgment further provided that "[e]ach party shall pay their [*sic*] own attorneys fees and court costs."

In the fall of 2008, disputes pertaining to husband's failure to make prescribed payments and wife's efforts to respond to those defaults led to the parties filing a battery of cross-cutting motions, including motions by wife to enforce provisions of the stipulated judgment pertaining to payments on the residence and to modify that judgment's provisions regarding spousal support, and husband's "counter-motion" to modify/terminate the spousal support provisions of the

---

[1] Those supplemental judgments were entered on June 15, 2009, and December 23, 2009, respectively.

stipulated judgment. Each of those motions included an allegation of entitlement to attorney fees. Wife subsequently withdrew her request for spousal support.

In a supplemental judgment signed on December 18, 2008, and entered on January 5, 2009, the trial court denied husband's motion to terminate spousal support "for the reason that there is no specific spousal support obligation imposed by the General Judgment" and granted wife's motion for enforcement, directing that "Husband must pay the house-related expenses required under the General Judgment." The court further directed that, because husband had failed to make prescribed payments, wife was entitled to a judgment against husband "in the amount of that deficiency ($35,675.59)."[2]

Wife subsequently sought an award of attorney fees of $7,868 with respect to the matters determined by the January 5 supplemental judgment. Wife's allegation of entitlement was based solely on ORS 107.135. Husband objected to that request on numerous grounds. Specifically, he argued that ORS 107.135(8) was inapposite because fee entitlement pursuant to that provision is, in turn, predicated on ORS 107.135(1) and wife, ultimately, had withdrawn her motion to modify spousal support and, thus, did not seek to "[s]et aside, alter or modify" any award of spousal support. ORS 107.135(1)(a).[3] In subsequent submissions invited by the trial court, the parties amplified their positions, with wife asserting, *inter alia*, that fees for enforcement of a judgment rendered under ORS 107.105 are recoverable under ORS 107.105(1)(j) and, alternatively, that ORS 107.135(15)(b) afforded a fee entitlement with respect to enforcement of stipulated judgments.

In a supplemental judgment entered on June 15, 2009, the trial court awarded wife attorney fees in the full amount requested, $7,868. The trial court explained its reasoning in a comprehensive and thoughtful letter opinion, which included a finding that wife's requested fees pertain

[2] Husband did not appeal the January 5, 2009, supplemental judgment.

[3] The text of the pertinent provisions of ORS 107.135 is set forth below. *See* 247 Or App at 657.

solely to "the enforcement portion of the proceedings" and did not include fees for "services related to [the] modification claims." The court's core reasoning as to the fee entitlement was as follows:

"1.    Authority for a fee award in this case is provided by [ORS] 107.135(15). This statute provides that when 'in a proceeding under subsection (1)(a)' [a proceeding to 'alter or modify any portion of the judgment . . . for the support of a party'] a court 'enforcing terms set forth in a stipulated . . . judgment' may impose 'any remedy available to enforce an order or judgment.' [Wife's] claim meets all three elements:

"a.    The proceedings involved a claim to alter or modify a Judgment because not only did [wife] file a motion to modify (which she withdrew at the hearing after lengthy discussions interrelated with the enforcement claim), but [husband] also filed a modification claim, which the Court denied. The fact that [wife] did not 'prevail' on her modification claim is not controlling.

"b.    [Wife] was seeking enforcement of the stipulated General Judgment signed in April 2007.

"c.    Attorney fees are a remedy available to enforce a judgment of dissolution under ORS 107.135(8)."

(Second brackets in original.) The court further determined that the factors set out in ORS 20.075(1) militated in favor of discretionary fee entitlement and that the factors set out in ORS 20.075(2) additionally supported an award in the full amount requested.

On appeal, husband, as noted, challenges that fee award. The thrust of husband's argument, as we understand it, is two-fold. First, there is no fee mechanism under ORS 107.135(15) because that provision is a mechanism by which the terms of a stipulated judgment may be specifically enforced, and, here, the parties' stipulated judgment expressly provides that "[e]ach party shall pay [his or her] own attorneys fees[.]" Husband further reasons that to award fees under ORS 107.135(15) as a remedy for his asserted non-compliance would run afoul of a general principle that fees incurred in the enforcement of a contract are not recoverable

unless the contract (here, the stipulated judgment) itself provides for fee recovery (which the stipulated judgment did not).

Second, husband contends that there is no independent entitlement to attorney fees under ORS 107.135(8). That is so, husband asserts, for the following reasons: (1) Under the express terms of ORS 107.135(8), fee entitlement under that provision is limited to fees incurred in connection with "a proceeding under subsection (1)." (2) As material here, ORS 107.135(1)(a) pertains solely to proceedings to *"[s]et aside, alter or modify"* (emphasis added) any portion of a judgment of dissolution, including "for the support of a party," *id.*—and does not pertain to *enforcement* proceedings. (3) Here, the trial court did not "[s]et aside, alter or modify" the stipulated judgment of dissolution; rather, it merely purported to enforce the payment provisions of that judgment, rendering ORS 107.135(1) and ORS 107.135(8) inapposite. (4) Further, even if some aspect of the predicate proceeding could somehow be deemed to relate to modification of support, the trial court explicitly stated that its award pertained exclusively to "the enforcement portion of the proceedings" and did not "includ[e] services related to modification claims."

Wife remonstrates that she was entitled to fees under ORS 107.135(8), as predicated on ORS 107.135(15), because the trial court's January 5 supplemental judgment did, in fact, effect a "modification" of the family support provisions of the stipulated judgment of dissolution—and that was so notwithstanding wife's withdrawal of her motion to modify and the trial court's consequent dismissal of that motion without prejudice. Wife further asserts, as an alternative basis for affirmance, that the trial court could properly have awarded attorney fees pursuant to ORS 107.105(1)(j), which, she emphasizes, provides for recovery of reasonable attorney fees "incurred in the action." In that regard, wife posits that the predicate "action" included not only the proceedings that yielded the stipulated judgment of dissolution, but also her efforts to enforce provisions of that judgment.

With the dispute so joined and the issues so framed, we turn first to the proper construction and application of the

operative statutes. Three provisions of ORS 107.135 are central to our analysis and disposition. First, ORS 107.135(1) provides, in part:

"The court may at any time after a judgment of annulment or dissolution of marriage or of separation is granted, * * *

"(a)   Set aside, alter or modify any portion of the judgment that provides * * * for the support of a party * * *."

Second, ORS 107.135(8) provides:

"In a proceeding under subsection (1) of this section, the court may assess against either party a reasonable attorney fee and costs for the benefit of the other party. If a party is found to have acted in bad faith, the court shall order that party to pay a reasonable attorney fee and costs of the defending party."

Finally, ORS 107.135(15) provides, in part:

"(a)   It is the policy of this state:

"(A)   To encourage the settlement of cases brought under this section; and

"(B)   For courts to enforce the terms of settlements described in paragraph (b) of this subsection to the fullest extent possible, except when to do so would violate the law or would clearly contravene public policy.

"(b)   In a proceeding under subsection (1) of this section, the court may enforce the terms set forth in a stipulated order or judgment signed by the parties, an order or judgment resulting from a settlement on the record or an order or judgment incorporating a settlement agreement:

"(A)   As contract terms using contract remedies;

"(B)   By imposing any remedy available to enforce an order or judgment, including but not limited to contempt; or

"(C)   By any combination of the provisions of subparagraphs (A) and (B) of this paragraph."

As noted, *see* 247 Or App at 655, the trial court reasoned that wife, subject to the court's exercise of discretion under ORS 20.075(1), was entitled to attorney fees under ORS 107.135(15) because: (1) the predicate proceeding was "a

proceeding under subsection (1)," ORS 107.135(15)(b); (2) the court, in enforcing the parties' stipulated judgment of dissolution, could "impos[e] any remedy available to enforce a[ ] * * * judgment," ORS 107.135(15)(b)(B); and (3) attorney fees are (in the trial court's words) "a remedy available to enforce a judgment of dissolution under ORS 107.135(8)." Although the trial court did not amplify its reasons for concluding that ORS 107.135(8) authorizes an award of attorney fees as a "remedy" for enforcement of the terms of a stipulated judgment of dissolution, we surmise that the court may have reasoned that subsection (8) expressly authorizes recovery of fees incurred in "a proceeding under subsection (1) of this section" and that, by virtue of the operation of ORS 107.135(15)(b), enforcement pursuant to that provision necessarily arose in the context of "a proceeding under subsection (1) of this section."

The trial court's reference to ORS 107.135(15) was, as we shall explain, mistaken. Further, given that error, the trial court's further, apparently derivative, determination that a party in wife's position could obtain fees under ORS 107.135(8) was also erroneous.

The trial court's reference to ORS 107.135(15) was mistaken because, in the circumstances presented here—in which one party, in the context of a modification proceeding, sought to enforce provisions of the original stipulated judgment of dissolution—the operative statute is not ORS 107.135(15) but, instead, ORS 107.104.[4] *McInnis and McInnis*, 199 Or App 223, 110 P3d 639, *rev dismissed*, 338 Or 681 (2005), is illustrative.

In *McInnis*, the wife filed a motion to modify and indefinitely extend a spousal support obligation imposed under a judgment of dissolution, in which the court had approved the parties' marital settlement agreement, including a provision that the agreed-upon amount of spousal support would be " 'non-modifiable by the parties or the Court.' " 199 Or App at 225-26. In opposing the wife's motion to modify, the husband invoked the antimodification provision and moved for dismissal. The trial court denied that motion and

---

[4] The text of that statute is set out below. 247 Or App at 659.

ultimately, *inter alia,* allowed the wife's motion to modify. *Id.* at 228.

On appeal, as pertinent here, the husband challenged the modification of spousal support and contended that the trial court had erred in failing to give effect to the antimodification provision of the parties' settlement agreement as approved and incorporated in the judgment of dissolution. 199 Or App at 229. We agreed, concluding, *id.* at 230-40, that the trial court's failure in that regard violated the dictates of ORS 107.104, which provides, in pertinent part:

"(1)  It is the policy of this state:

"(a)  To encourage the settlement of suits for marital annulment, dissolution or separation; and

"(b)  For courts to enforce the terms of settlements described in subsection (2) of this section to the fullest extent possible, except when to do so would violate the law or would clearly contravene public policy.

"(2)  In a suit for marital annulment, dissolution or separation, the court may enforce the terms set forth in a stipulated judgment signed by the parties, a judgment resulting from a settlement on the record or a judgment incorporating a marital settlement agreement;

"(a)  As contract terms using contract remedies;

"(b)  By imposing any remedy available to enforce a judgment, including but not limited to contempt; or

"(c)  By any combination of the provisions of paragraphs (a) and (b) of this subsection."

In addressing the applicability of ORS 107.104, we distinguished it from the "nearly identical" *former* ORS 107.135(13) (2003), *renumbered as* ORS 107.135(15) (2007)—which, we stated, "applies to settlement agreements *arising out of* actions to modify dissolution judgments." *McInnis,* 199 Or App at 232 n 1 (emphasis added).[5]

---

[5] That distinction between the two statutes is predicated on their text. ORS 107.104(1) expresses the public policy of "encourag[ing] the settlement of suits for marital * * * dissolution" and of "enforc[ing] the terms of settlements" of such suits, and ORS 107.104(2) provides for mechanisms of such enforcement. Conversely, ORS 107.135(15)(a), by parallel construction, expresses the public policy of

Thus, in *McInnis*—which, like this case, involved an effort in the context of a modification proceeding to enforce a provision of a judgment of dissolution predicated on the parties' stipulation—we applied ORS 107.104, not ORS 107.135(15). We further explained that, in that context—that is, the present context—ORS 107.135(15) was inapposite because it pertained only to enforcement of settlements "arising out of" modification proceedings. Consistently with that reasoning, and contrary to the trial court's first premise in awarding fees here, wife's efforts here to enforce the stipulated payment provisions of the judgment of dissolution implicated ORS 107.104, not ORS 107.135(15).

The trial court's error in that regard is not, in and of itself, preclusive of wife's entitlement to recover fees incurred in her enforcement efforts. Indeed, when the trial court's rationale for awarding fees is deconstructed, *see* 247 Or App at 655 (setting out pertinent excerpts of trial court's letter opinion), it is apparent that the actual and ultimate predicate of the court's analysis was ORS 107.135(8), not ORS 107.135(15)—after all, the former, not the latter, is the sole statutory source of entitlement to attorney fees in modification proceedings. The question thus narrows to whether, when a party seeks, pursuant to ORS 107.104, to enforce some stipulated term of the dissolution judgment in the context of modification proceedings under ORS 107.135, attorney fees incurred in those enforcement efforts can be recovered under ORS 107.135(8).

The answer, given the overarching design and purpose of ORS 107.135—and the function of ORS 107.135(8) in that context—is "sometimes." And that "sometimes" depends on the practical and legal relationship or nexus between the gravamen of the enforcement proceedings and the provision of the dissolution judgment sought to be enforced. If the enforcement efforts are reasonably and materially related to

"encourag[ing] the settlement of cases brought *under this section*," (emphasis added)—*viz.*, modification proceedings under ORS 107.135—and of "enforc[ing] the terms of [such] settlements," and ORS 107.135(15)(b) provides for mechanisms of such enforcement. *See also* ORS 109.155(6)(a) (parallel provision for enforcement of settlement of filiation disputes); ORS 109.165(4) (parallel provision pertaining to enforcement of settlements arising out of proceedings to set aside, alter, or modify child support obligations predicated on paternity determinations).

the resolution of the modification dispute, the trial court may, subject to the exercise of discretion under ORS 20.075(1), award attorney fees under ORS 107.135(8). Conversely, if that nexus is lacking, there can be no fee entitlement.

That understanding is compelled by the text of subsection (8), which limits fee entitlement to "a proceeding under subsection (1)," *i.e.*, modification proceedings. To the extent that extraneous matters, including unrelated enforcement efforts, may be raised and decided concurrently with a motion to modify, that coincidence cannot give rise to fee entitlement under subsection (8).

Two perhaps extreme examples are illustrative. The first is akin to *McInnis*: In a proceeding in which one spouse seeks to modify the requirements of a stipulated aspect of the dissolution judgment, the other spouse successfully invokes the antimodification provision of the same judgment. In those circumstances, the enforcement efforts—that is, invocation of the antimodification provisions of the dissolution judgment—would be inextricably intertwined with the determination of the modification motion, giving rise to a discretionary fee entitlement under ORS 107.135(8). In the second case, one spouse seeks to modify child custody while the other seeks to enforce a stipulated amount of spousal support specified in the dissolution judgment. In that instance, the two matters are so distinct that, regardless of the result as to the former, fees incurred with respect to the latter would not be recoverable under ORS 107.135(8).

This case—at least in the abstract—falls between those two extremes on the "nexus" continuum. There could be instances in which enforcement of a stipulated payment provision in a judgment of dissolution could be materially related to the disposition of cross-cutting motions to modify spousal support. The difficulty for wife in this case, however, is that she withdrew/dismissed her motion to modify spousal support before the trial court ruled on the motion to enforce—and, even more, that the trial court, in awarding fees, explicitly stated that the claimed and awarded fees were "for the enforcement portion of the proceedings" and that those fees did "not includ[e] services related to [the] modification

claims." In rendering those determinations, the trial court did not purport to link wife's dismissal of her motion to modify spousal support to wife's successful enforcement efforts.[6] Thus, in this case, the trial court expressly disclaimed the requisite nexus. Accordingly, there was no fee entitlement under ORS 107.135(8).[7]

That does not, however, end our consideration. Wife argues, as an alternative basis for affirmance, that ORS 107.105(1)(j) represents an independently sufficient basis of fee entitlement. That statute provides, in part:

"Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"* * * * *

"(j)   For an award of reasonable attorney fees and costs and expenses reasonably incurred in the action in favor of a party or in favor of a party's attorney."

Wife—who did not invoke ORS 107.105 before the trial court—contends that ORS 107.105(1)(j) is applicable under extension of our reasoning in *Maresh and Maresh*, 193 Or App 69, 87 P3d 1154 (2004) (*Maresh II*). Wife is mistaken.

Our discussion of fee entitlement in *Maresh II* arose in the context in which we had affirmed the trial court's order directing sale of the parties' former marital residence pursuant to a sheriff's sale on execution of a provision of the judgment of dissolution. *See Maresh and Maresh*, 190 Or App 228, 78 P3d 157 (2003) (*Maresh I*). The respondent wife then

---

[6] Wife points to some oral comments by the trial court, which she characterizes as demonstrating that the trial court effectively treated the enforcement effort as part-and-parcel of the modification dispute. Those comments are, at best, ambiguous—and, in all events, wife's construction of those comments cannot be reconciled with the express written language of either the underlying January 5, 2009, supplemental judgment pertaining to enforcement (which addresses modification and enforcement as distinct matters) or the court's letter opinion on which the supplemental judgment awarding attorney fees was predicated.

[7] Of course, if the parties' judgment of dissolution had included, by agreement, a prevailing party attorney fee provision, then, upon successful enforcement of stipulated obligations under the judgment, wife would have been entitled *as a contractual matter* to recover fees incurred in that effort. *See* ORS 107.104(2)(a) (providing for enforcement of terms of, *inter alia*, a stipulated judgment, "[a]s contract terms using contract remedies").

sought to recover her *appellate* attorney fees pursuant to ORS 107.105(5), which provides:

> "If an appeal is taken from the judgment or other appealable order in a suit for annulment or dissolution of a marriage or for separation and the appellate court awards costs and disbursements to a party, the court may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

We concluded that the respondent was entitled to recover her appellate attorney fees. In so holding, we concluded that the predicate post-judgment order for execution was, in the statute's language, an "appealable order *in a suit for*" dissolution of a marriage. ORS 107.105(5) (emphasis added). *See Maresh II*, 193 Or App at 72-79. That conclusion was, in turn, predicated on our canvassing of pertinent legislative history, which manifested the legislature's contemporaneous "understanding that judgment execution proceedings are part of the underlying action." *Id.* at 75. *See also id.* ("In short, the historical construction of the relevant statutes indicates that judgment execution proceedings are part of the underlying action[.]").

Here, wife points to that discussion in *Maresh II* and contends that the term "in the action" in ORS 107.105(1)(j) necessarily encompasses efforts to enforce provisions of the judgment of dissolution.[8] At first blush, that contention is compelling—but, ultimately, it founders for failing to account for differences between the text of ORS 107.105(1)(j) and ORS 107.105(5).

As noted, the introductory, qualifying clause of ORS 107.105(1) is "[w]henever the court renders *a judgment of marital annulment, dissolution or separation*, the court may provide *in the judgment* * * *." (Emphasis added.) The referent for "*the* judgment" (emphasis added) is, necessarily, "a judgment of marital annulment, dissolution or separation." Here, the parties' stipulated general judgment of dissolution

---

[8] In *Maresh II*, we addressed only entitlement to appellate attorney fees under ORS 107.105(5). Our two *Maresh* opinions do not disclose whether the trial court awarded fees; in any event, we did not address the propriety of such an award under ORS 107.105(1)(j).

included no award of attorney fees, much less for enforcement efforts; indeed, as noted, that judgment stated that each party would bear his or her own fees—albeit without reference to future enforcement proceedings. Thus, the judgment of dissolution does not include a provision comporting with ORS 107.105(1)(j).

That, we freely acknowledge, gives rise to an incongruous result: (1) Under *Maresh II*, wife here could (subject to ORS 20.075 discretion) recover *appellate* attorney fees under ORS 107.105(5) for having secured an affirmance of the trial court's supplemental judgment enforcing a stipulated provision of the judgment of dissolution; but (2) wife had no entitlement under ORS 107.105(1) to recover her *trial court fees* incurred in securing that supplemental judgment. Given that incongruity, it is frankly tempting to attempt to reconcile subsections (1) and (5) by somehow deeming the supplemental judgment of June 15, 2009, to be a "judgment of marital dissolution" for purposes of ORS 107.105(1) in that, consistently with our reasoning and holding in *Maresh II*, that judgment was entered as "part of the underlying [marital dissolution] action." *Maresh II*, 193 Or App at 75.

Ultimately, however, we are constrained by the directive that, in construing statutes, we are not to "insert what has been omitted." ORS 174.010. In the totality of the context of ORS chapter 107, "a judgment of marital annulment, dissolution or separation," ORS 107.105(1), unambiguously connotes the judgment that adjudicates annulment, separation, or dissolution. *See, e.g.*, ORS 107.015(1) (describing grounds on which "a judgment for the annulment or dissolution of a marriage may be rendered"); ORS 107.025 (describing grounds on which "[a] judgment for the dissolution of a marriage or a permanent or unlimited separation may be rendered"); ORS 107.036(4) ("Where satisfactory proof of grounds for the annulment or dissolution of a marriage or for separation has been made, the court shall render a judgment for the annulment or dissolution of the marriage or for separation."). Further, ORS 107.105 itself explicitly distinguishes between "a judgment of annulment or dissolution of marriage or of separation" and a host of other judgments rendered in the context of annulment, separation, or dissolution proceedings. *See* ORS 107.105(4). In sum, the

June 15, 2009, supplemental judgment is not a "judgment of marital * * * dissolution," ORS 107.105(1), and, thus, ORS 107.105(1)(j) is inapposite as an alternative basis for affirmance.

Having rejected the trial court's expressed grounds for awarding fees and wife's proffered alternative basis for affirmance, we conclude by emphasizing the limited circumstances presented here and the consequent narrowness of our holding. In particular, this case does not involve a stipulated judgment of dissolution that included a prevailing party attorney fee provision, much less one that specifically anticipated enforcement proceedings. Nor did this case involve any contempt proceeding implicating ORS 107.445.[9] Rather, our holding is simply that, in the circumstances presented here, there was no fee entitlement either under ORS 107.135(8) or under ORS 107.105(1)(j).

Supplemental judgment entered June 15, 2009, reversed; otherwise affirmed.

---

[9] ORS 107.445 provides, in part:

"In * * * any contempt proceeding in any suit for marital annulment, dissolution or separation, the court may render a judgment awarding to a party, or directly to the party's attorney, a sum of money determined to be reasonable as an attorney fee at trial and on appeal therein."