Argued and submitted January 6, reversed August 15, 2012

In the Matter of the Marriage of

Caroline V. BERRY,
aka Carolyn Vaudine Berry,
*Petitioner-Respondent,*
*and*

Noel Bruce HUFFMAN,
aka Bruce Huffman,
*Respondent-Appellant.*

Multnomah County Circuit Court
060261720; A146307

284 P3d 1202

Elizabeth A. Trainor argued the cause and filed the briefs for appellant.

Herb Weisser and Herb Weisser, P.C., filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

Husband appeals a supplemental judgment awarding attorney fees to wife under ORS 107.104. He argues that the trial court erred in awarding attorney fees because ORS 107.104 and the parties' stipulated general judgment do not authorize attorney fees. On review for legal error, we agree with husband and reverse.

The historical facts are undisputed. The parties were divorced in April 2007, pursuant to a stipulated judgment. That judgment provided that, among other things, husband would pay the mortgage, property taxes, and insurance on the marital home. The judgment also provided that "[e]ach party shall pay [his or her] own attorneys fees and court costs."

In 2008, a dispute arose over husband's failure to pay expenses associated with the marital residence, which ultimately concluded in a supplemental judgment entered on November 23, 2009.[1] That supplemental judgment awarded wife monetary damages she incurred in connection with husband's failure to comply with the terms of the parties' stipulated judgment. Wife subsequently sought $20,541.75 in attorney fees and costs, citing ORS 107.104, ORS 107.105, and ORS 107.135 as statutory authority for the fees and asserting that she was entitled to an award for fees pursuant to the stipulated judgment. *Holder v. Elg*, 151 Or App 329, 332, 948 P2d 763 (1997) ("Oregon law recognizes a party's right to receive post-judgment fees for collection when the original judgment awarded that party attorney fees."). Husband objected to the request for attorney fees, asserting that the statutes wife cited do not apply and the stipulated judgment did not contain any provision that would allow the court to award attorney fees for its enforcement.

After conducting a hearing, the trial court issued a letter opinion concluding that the stipulated judgment did not authorize attorney fees for enforcement and rejecting

---

[1] This court in *Berry and Huffman*, 247 Or App 651, 653, 653 n 1, 271 P3d 128 (2012), affirmed without discussion husband's appeal of the supplemental judgment that we mistakenly said was entered on December 23, 2009.

wife's arguments that she was entitled to attorney fees pursuant to ORS 107.105 and ORS 107.135. Ultimately, the court granted wife's request for attorney fees pursuant to ORS 107.104, as a "remedy available to enforce a judgment." The portion of the court's opinion regarding ORS 107.104 focused on the purpose of the statute in concluding that an attorney fee award is an available remedy:

"ORS 107.104 allows enforcement of terms in a stipulated (general) judgment by contract and/or judgment remedies. The parties disclaimed attorney fees as a contract remedy for their Stipulation so my focus is whether attorney fees are 'any remedy available to enforce a judgment' under that *statute*. That attorney fees are a 'remedy' seems clear. 'Remedy' is not defined in ORS 107.104 but its common meaning is 'a cure,' 'the obtaining of redress for a wrong,' and in law, 'the relief that may be given for a wrong.' *Webster's Third New International dictionary* 1920 (unabridged ed 1993). Compensation for pursuit of a damage claim would fall within this definition and in other contexts Oregon appellate courts have referred to attorney fees awards as remedies. *See, e.g.*, *Samuel v. Frohnmayer*, 308 Or 362 (1989), *State v. Pilothouse 60*, 220 Or App 203, *rev den*, 345 Or 417 (2008), *Wyatt v. Body Imaging*, 163 Or App 526 (1999), and *Russell v. Kerley*, 159 Or App 647 (1999). *See also*, *Webber v. Olsen*, 330 Or 189, 196 (2000) (describing the 'remedies' available under a marital dissolution judgment in very broad terms as including modification, ORCP 71 vacation, and contempt).

"When attorney fees are '*available* to enforce a [dissolution] judgment' (emphasis added) is less clear and the most troubling point analytically overall. As discussed herein, fees are authorized under Oregon law because of a statute or a contract or decisional authority extending the statute/contract rationales * * *. Here, where the only basis for fees would be ORS 107.104, is it enough that fees be available generally (*i.e.*, recognized by the legislature as an appropriate remedy in at least *some* enforcement actions and therefore encompassed as a possible remedy within the language and broad purpose of ORS 107.104)? Or to be 'available' under ORS 107.104, must those fees be independently authorized under outside authority particular to the *specific* judgment and the *specific* enforcement mechanism pursued? Either interpretation seems reasonably plausible under the text of ORS 107.104.

Nothing the Court could locate in the legislative history resolves the ambiguity. ORS 107.104 and its companion section ORS 107.135(15) were enacted in 2001 in response to the Oregon Supreme Court's decision in *Webber v. Olsen*, [330 Or 189, 998 P2d 666 (2000)]. That decision held that the doctrine of merger precluded applicability of contract remedies to terms in stipulated judgments. The proponents of the 2001 legislation wanted to overrule the effect of that decision by providing explicit authority for contract enforcement. The legislative focus was on the need for and implications of that step and no pertinent discussion occurred in hearings or testimony about the particular language referring to judgment remedies. I therefore attempt to construe the term ('available') in a manner consistent with the statute's broader purpose. Significantly, ORS 107.104 allows *'any* remedy available to enforce a judgment.' (Emphasis added.) The choice of the indefinite adjective ('any' remedy) and indefinite article ('a' judgment) implies a legislative intent supporting generally available remedies, not a restriction to a particular remedy being available under 'the' specific judgment being enforced. Moreover, the repeated emphasis in the 2001 amendments on enforcing settlements 'to the fullest extent possible' underscores a policy goal of broader, rather than restrictive, enforcement. I conclude Wife may avail herself of the broad authority of ORS 107.104(2)(b)."

(Emphasis in original.) The court entered a supplemental judgment awarding attorney fees and costs, and husband timely appealed.

In the absence of a contract right, a court generally may not award attorney fees unless the legislature has authorized it to do so. *Bolte and Bolte*, 349 Or 289, 296, 243 P3d 1187 (2010); *see Domingo v. Anderson*, 325 Or 385, 388, 938 P2d 206 (1997) ("In Oregon, the general rule is that the prevailing party in a legal proceeding is not entitled to an award of attorney fees unless the award is authorized by statute or a specific contractual provision."). On appeal, husband contends that there was no statutory authority and no contractual basis under the stipulated judgment to award attorney fees. Wife responds that ORS 107.104 empowers a court to enforce a stipulated judgment by imposing "any remedy available to enforce a judgment." ORS 107.104(2)(b). In the alternative, wife contends that the trial court also

had authority pursuant to ORS 107.105(1)(j) to award her attorney fees. Accordingly, as the parties frame the case, we must decide whether either ORS 107.104(2)(b) or ORS 107.105(1)(j) supports an award of attorney fees.

We review the trial court's interpretation of a statute for errors of law. *Reeves and Elliott*, 237 Or App 126, 129, 238 P3d 427 (2010). When construing a statute, our goal is to determine the legislature's intent in enacting the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). In doing so, we examine the text, context, and any useful legislative history to ascertain what the legislature most likely intended. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Regardless of the parties' arguments, we are obligated to properly interpret a statute. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, [the] court is responsible for identifying the correct interpretation, whether or not asserted by the parties.").

We first determine whether the legislature intended to authorize an award of attorney fees under ORS 107.104(2), which provides in part:

"In a suit for marital * * * dissolution or separation, the court may enforce the terms set forth in a stipulated judgment signed by the parties * * *:

"(a) As contract terms using contract remedies;

"(b) *By imposing any remedy available to enforce a judgment*, including but not limited to contempt; or

"(c) By any combination of the provisions of paragraphs (a) and (b) of this subsection."

(Emphasis added.) The statute grants the court authority to enforce stipulated judgments of dissolution by imposing *"any remedy available to enforce a judgment."* The appellate courts have referred to attorney fees as a "remedy," as the trial court noted. *E.g., Wyatt v. Body Imaging, P.C.*, 163 Or App 526, 536, 989 P2d 36 (1999), *rev den*, 330 Or 252 (2000) ("Here one of the remedies that plaintiff was entitled to as to the balance was attorney fees under ORS 652.200(2)."). But, even assuming that attorney fees *can* be a remedy, the remaining question is whether an award of attorney fees is

an *available* remedy under the statute. For the reasons that follow, we respectfully disagree with the thoughtful analysis of the trial court and conclude that ORS 107.104 does not include attorney fees as "any remedy available."

First, as the trial court noted, there is no express statutory authority to award attorney fees. "Generally, a party is not entitled to an award of attorney fees unless a statutory or contractual provision *specifically* authorizes that award." *Menasha Forest Products Corp. v. Curry County Title*, 350 Or 81, 88, 249 P3d 1265 (2011) (emphasis added); *see also Malot v. Hadley*, 102 Or App 336, 340, 794 P2d 833 (1990) ("Attorney fees cannot be allowed on appeal in the absence of express language authorizing attorney fees on appeal." (Emphasis omitted.)). Here, ORS 107.104 does not expressly provide for recovery of attorney fees as a remedy. It states that a court can impose remedies in general, but it does not specifically authorize an award of attorney fees or state that an attorney fee award is a remedy.

Second, there is no evidence that the legislature intended to include attorney fees as a remedy for enforcing a judgment. As the trial court noted, the legislature's purpose in enacting ORS 107.104 was to overturn *Webber v. Olsen*, 330 Or 189, 998 P2d 666 (2000). Before discussing the legislative history, some context is required to explain *Webber* and why the legislature enacted ORS 107.104.

Before 2000, family law practitioners believed that when parties signed a stipulated judgment of dissolution of marriage, there were two remedies available to enforce that stipulated judgment: contract remedies and statutory remedies for enforcing a general judgment. Tape Recording, House Committee on Judiciary, Judiciary Civil Subcommittee, HB 2494, Feb 21, 2001, Tape 20, Side A (statement of Bradd Swank, Office of the State Court Administrator). In *Webber*, the Supreme Court held that stipulated judgments of dissolution cannot be enforced as contracts. 330 Or at 196. Instead, the court concluded that a party's only recourse for enforcing a stipulated judgment of dissolution is to seek "remedies that are available under the dissolution judgment." *Id.* The Supreme Court in *Webber* noted that courts have recognized that various specific

remedies are available under a judgment. Those include modification of the judgment under the provisions of ORCP 71; contempt proceedings to enforce the judgment, ORS 33.015 to 33.155; a declaration of the parties' rights under the judgment, ORS 28.010; and common-law remedies for relief from the judgment based on fraud, mistake, or lack of consent. 330 Or at 196. Noticeably absent from that list is the ability to seek and to obtain an award of attorney fees related to an action to enforce a judgment; wife has not cited, nor have we found, statutory authority to allow an award of attorney fees to a party enforcing a judgment generally.

A year after *Webber*, the legislature passed HB 2494, which, among other things, created ORS 107.104. The drafters of HB 2494 testified that the main purpose of the bill was to overturn the Supreme Court's holding in *Webber* prohibiting contract remedies. Tape Recording, House Committee on Judiciary, Judiciary Civil Subcommittee, HB 2494, Feb 21, 2001, Tape 20, Side A (statement of committee counsel Andrea Shartel). Thus, although the legislature enacted the bill with a policy goal of expanding available remedies for enforcing stipulated judgments of dissolution since the Supreme Court's holding in *Webber* restricting the enforcement remedies, the legislative history indicates that the legislature did so by restoring the practice of allowing parties to use contract remedies to enforce those judgments. The legislative history is devoid of statements or other indicators that the legislation would create new statutory remedies unavailable before the Supreme Court's decision in *Webber*, other than to include contract remedies. We also doubt that the legislature intended to enact a statutory provision granting a new right to attorney fees for enforcing a dissolution judgment without express language, despite the use of the term "any" to describe the available remedies for enforcement. From the text and the legislative history of ORS 107.104, we conclude that the legislature did not create a right to attorney fees for enforcement of a stipulated judgment of dissolution that was not already available pre-*Webber*. Stated another way, under ORS 107.104(b), a party who prevails in a proceeding to enforce a stipulated dissolution judgment is entitled to an attorney fee award by

virtue of any independent statute or rule of law specifically allowing such an award. *See Menasha Forest Products,* 350 Or at 88. Because wife asserts no independent basis for an award of her attorney fees,[2] the trial court could not award wife attorney fees under ORS 107.104(2)(b).

Indeed, wife's remaining argument concerns an alternative statutory basis for the award of attorney fees, but one we have rejected. Wife contends that ORS 107.105(1)(j) grants statutory authority for the trial court's award of her attorney fees. That statute describes the provisions of a judgment of marital dissolution and provides:

"(1) Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"* * * * *

"(j) For an award of reasonable attorney fees and costs and expenses reasonably incurred in the action in favor of a party or in favor of a party's attorney."

ORS 107.105(1)(j). Wife's argument is foreclosed by *Berry and Huffman,* 247 Or App 651, 271 P3d 128 (2012). In that opinion, we held that ORS 107.105(1)(j) authorizes the court to impose attorney fees if the original stipulated general judgment provided for attorney fees. 247 Or App at 663-64. After reviewing the stipulated judgment, we concluded that

"the parties' stipulated general judgment of dissolution included no award of attorney fees, much less for enforcement efforts; indeed, as noted, that judgment stated that each party would bear his or her own fees—albeit without reference to future enforcement proceedings. Thus, the judgment of dissolution does not include a provision comporting with ORS 107.105(1)(j)."

*Id.* (emphasis in original). Lacking a provision for attorney fees in the judgment of dissolution, wife is not entitled to attorney fees under ORS 107.105(1)(j), either.

Reversed.

---

[2] Although a court may require a party, as a sanction, to pay attorney fees that an opponent incurs because of that party's contempt, ORS 33.015(4), the trial court did not find husband in contempt. Thus, wife's attorney fees were not awarded as a contempt sanction.