Argued and submitted May 7, affirmed October 8, 2014, petition for review denied March 26, 2015 (357 Or 111)

Kenneth R. NORRIS,
*Plaintiff-Appellant,*

*v.*

R & T MANUFACTURING, LLC,
an Oregon limited liability company,
*Defendant-Respondent.*

Multnomah County Circuit Court
101116202; A153039

338 P3d 717

Conrad E. Yunker argued the cause for appellant. With him on the briefs were Conrad E. Yunker, P. C., Gary Abbott Parks, and Northwest WageLaw, LLC.

Helen C. Tompkins and Tompkins Law Office, LLC, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

Plaintiff Kenneth Norris, who prevailed at trial on his claim against defendant R & T Manufacturing under the Uniform Fraudulent Transfer Act (UFTA), ORS 95.200 to 95.310, appeals from a supplemental judgment disallowing his request for attorney fees. We affirm.

The underlying facts are described in *Norris v. R & T Manufacturing, LLC*, 265 Or App 672, 338 P3d 150 (2014) (*Norris I*). In summary, plaintiff was previously awarded a judgment against Action Accessories, LLC (Action), in a statutory wage claim, but was unable to collect on the judgment. Plaintiff brought his claim under UFTA, asserting that property had been transferred from Action to defendant to avoid Action's debt to plaintiff. Plaintiff prevailed in his claim against defendant under UFTA, and the trial court entered judgment that included a monetary award of $64,170. We recently affirmed the trial court's judgment in *Norris I*.

This appeal relates only to plaintiff's entitlement to attorney fees on the UFTA claim. In his complaint, plaintiff sought "attorney fees for having to take this action to collect on judgments against Action and/or pursuant to ORS 20.105." After trial, plaintiff filed a petition pursuant to ORCP 68 in which he requested attorney fees of $105,300. As the legal authority for the award of fees, plaintiff cited several cases, which, he contended, provide for recovery of attorney fees for legal action taken to collect on a judgment. The trial court denied the request for attorney fees in a supplemental judgment, concluding, "I am without authority to make such an award because ORS 95.230(1) does not expressly provide for the recovery of attorney fees and * * * [plaintiff] is not otherwise entitled to recover attorney fees." Plaintiff appeals, contending that the trial court erred in concluding that it lacked authority to award fees.

We review the trial court's determination that it lacked authority to award fees for errors of law. *Olson v. Howard*, 237 Or App 256, 264, 239 P3d 510 (2010). Oregon courts adhere to the "American rule" of attorney fees, under which courts generally will not award attorney fees to the

prevailing party absent statutory or contractual authorization. *Mattiza v. Foster*, 311 Or 1, 803 P2d 723 (1990); *see also Menasha Forest Products Corp. v. Curry County Title*, 350 Or 81, 88, 249 P3d 1265 (2011).

UFTA does not explicitly provide for an award of attorney fees. For the first time on appeal, plaintiff asserts that the trial court had implicit authority to award attorney fees under ORS 95.260(1)(c)(C), which provides that a creditor in an action for relief from a fraudulent transfer may recover, as a remedy, "[a]ny other relief the circumstances may require." Assuming, without deciding, that an award of attorney fees could be considered a remedy and encompassed within ORS 95.260(1)(c)(C), *but see Berry and Huffman*, 251 Or App 744, 748-49, 284 P3d 1202 (2012) (statute granting courts authority to enforce stipulated judgments of dissolution by imposing "any remedy available to enforce a judgment" did not authorize award of attorney fees where statute did not expressly provide for recovery of attorney fees as a remedy and there was no evidence that the legislature intended to include attorney fees as a remedy for enforcing the judgment), we decline to consider plaintiff's argument, because it is not preserved. Plaintiff did not raise ORS 95.260(1)(c)(C) until this appeal, and we decline to consider it as a ground for reversal.

In the alternative, citing ORCP 68 A(1), plaintiff contends that an award of attorney fees is authorized in this action, because it was brought to *enforce* the underlying wage claim judgments against Action, and attorney fees incurred are therefore "related to the prosecution or defense of" the underlying wage claim, for which attorney fees were also awarded. *See* ORCP 68 A(1) ("'Attorney fees' are the reasonable value of legal services related to the prosecution or defense of an action."); ORS 652.200 (providing for attorney fees for prosecution of an action for the collection of wages). As we understand plaintiff's contention, it is that, because attorney fees were available and awarded in the underlying wage claim, under ORCP 68 A(1) fees are also available in the UFTA action, as an action to enforce the judgment on the wage claim and, therefore, as "services related to the prosecution or defense of" the underlying wage claim.

Plaintiff is correct that we have previously said that fees incurred in the collection of a judgment on a claim for which attorney fees are available are encompassed within "attorney fees," as defined in ORCP 68 A(1) as fees "related to the prosecution or defense of an action." *See Holder v. Elg*, 151 Or App 329, 332, 948 P2d 763 (1997) (recognizing a party's right to receive post-judgment fees for collection when the original judgment awarded that party attorney fees); *Johnson v. Jeppe*, 77 Or App 685, 688, 713 P2d 1090 (1986) ("The enforcement of a judgment and final collection of money due are 'legal services related to the prosecution or defense of an action'" which may be considered by the trial court in awarding attorney fees under ORCP 68.). In other words, the enforcement or collection of an underlying judgment is, for practical purposes, a continuation of the prosecution or defense of the original action, and post-judgment fees for collection or enforcement of a judgment are, in essence, fees awarded in the underlying action.

However, we reject plaintiff's contention that his UFTA claim was for the enforcement or collection of the underlying judgment in the wage claim. Although the impetus for plaintiff's pursuit of the UFTA claim was Action's failure to pay the judgment on the wage claim, the UFTA claim was a separate action from the underlying wage claim, brought against a different defendant and requiring proof of separate elements. We conclude that attorney fees in the UFTA claim could not be awarded under ORCP 68 A(1) as a part of fees awarded in the underlying wage claim.[1]

Finally, we reject plaintiff's contention that the trial court abused its discretion in not considering whether plaintiff was entitled to attorney fees under ORS 20.075. ORS 20.075 states that it applies "in any case in which an award of attorney fees is authorized by statute." As we said in *Williams v. Salem Women's Clinic*, 245 Or App 476, 483, 263 P3d 1072 (2011), the factors set forth in ORS 20.075 apply when *another source* of law gives the court discretion to award attorney fees. But, contrary to plaintiff's contention, that statute does not provide an independent source for

---

[1] Although plaintiff contended below that fees are available under ORS 20.105, he no longer makes that argument on appeal.

an award of attorney fees. Because there is no source for an award of attorney fees in this case, the trial court did not err in failing to consider ORS 20.075 in determining whether plaintiff is entitled to attorney fees.

Affirmed.