Argued and submitted April 12, 2011, reversed and remanded May 2, petition for review denied September 13, 2012 (352 Or 377)

Catherine Lynne CARTER,
*Petitioner-Appellant,*

*v.*

Rory Grey BOWMAN,
aka Rain Grey Bowman,
*Respondent-Respondent.*

Multnomah County Circuit Court
060303051; A143679

277 P3d 634

Andy Simrin argued the cause for appellant. With him on the brief were Robert A. Callahan, Andy Simrin PC, and Robert A. Callahan PC.

Bear Wilner-Nugent argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

In 2006, petitioner obtained a stalking protective order (SPO) against respondent. In 2009, respondent moved to terminate the SPO and, after a hearing, the trial court terminated it. Petitioner appeals the judgment terminating the SPO, arguing, *inter alia*, that the court erred in failing to consider statements that respondent had posted on the Internet. We conclude that the court erred in failing to consider the Internet postings. Therefore, we reverse and remand.

In August 2009, at the hearing on respondent's motion to terminate the SPO, petitioner introduced numerous documents, including two statements that respondent had posted on his blog, which was on a social networking website of which both parties were members, and a comment that he had made on petitioner's boyfriend's profile on the same website (collectively, the Internet postings). The blog posts discussed petitioner and the SPO case, and the comment on petitioner's boyfriend's profile referred to the SPO proceedings.

The trial court evaluated petitioner's documentary evidence and concluded that "the postings that * * * respondent did, well, perhaps ill advised, and some of the language being particularly ill advised, it was speech, and I cannot find on this record" that the Internet postings met the standard for speech-based "contacts" set forth in *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999). As a result, the court did not consider the Internet postings. It terminated the SPO, and petitioner appeals.

On appeal, petitioner argues that the trial court erred in concluding that it could not consider the Internet postings.[1] We evaluate the court's legal conclusions for errors of law. *Travis v. Strubel*, 238 Or App 254, 256, 242 P3d 690 (2010). As explained below, the proper inquiry for the court on a motion to terminate an SPO is whether, in view of all of the circumstances, including the respondent's speech, the

---

[1] Petitioner also argues that, as result of its conclusion that *Rangel* prohibited it from considering respondent's "postings," the trial court discounted all of respondent's post-SPO speech. We do not address that argument because the record does not support that understanding of the trial court's holding.

conduct that gave rise to the issuance of the SPO continues to cause the petitioner to have a subjective apprehension regarding personal safety and that apprehension continues to be objectively reasonable. Thus, the court erred in concluding that it could not consider the Internet postings because they did not meet the *Rangel* standard. Consequently, we reverse and remand.[2]

The SPO in this case was issued under ORS 30.866, which provides, in part:

---

[2] We have discretion to review this case *de novo*, that is, to try it anew upon the record or to make one or more factual findings anew upon the record. ORS 19.415(3)(b). We exercise our discretion to review a case *de novo* only in exceptional cases. ORAP 5.40(8)(c).

Petitioner requests that we review this case *de novo*; she argues, *inter alia*, that, because the trial court concluded that it could not consider the Internet postings when determining whether to terminate the SPO, the court did not make important factual findings regarding the postings. She argues that the postings "properly inform an evaluation of whether Petitioner's current fear of Respondent is objectively reasonable" and that,

"[b]ecause the [trial] court improperly weighed the probative value of Respondent's speech on the legal question of whether Petitioner's fear remains reasonable, this court should re-weigh that evidence and either try the case anew or at least make factual findings about the content of Respondent's speech to determine whether Respondent has carried his burden to establish that Petitioner no longer suffers reasonable apprehension as a result of his prior acts."

Petitioner is correct that the facts about the postings—including respondent's intent in making them and how petitioner would have understood them given respondent's manner of communicating and the parties' history—are relevant to a determination of whether petitioner's continuing apprehension is objectively reasonable. However, we decline to make those factual findings in the first instance. The evidence in this case supports competing inferences, as reflected by the parties' conflicting characterizations of respondent's motives and actions. Respondent contends that he wants nothing to do with petitioner and that his actions have been intended only to demonstrate that he does not pose a threat to her. In support of that contention, he points out that, as of the time of the SPO termination hearing, he had not spoken to petitioner outside of court for 10 years, he had not sent her a letter in six years, and he had actively avoided contact with her. Petitioner, on the other hand, contends that respondent is obsessed with her and that his actions have been intended to demonstrate that he does, in fact, pose a threat to her. In support of that contention, she points to the language in the postings and in letters that respondent sent to her lawyer and boyfriend. Because of the nature and importance of the legitimately disputed factual issues that the trial court did not resolve, we decline to exercise our discretion to review this case *de novo*. Instead, we remand to the trial court, which has the opportunity to make demeanor-based credibility findings.

"(1)   A person may bring a civil action in a circuit court for a court's stalking protective order or for damages, or both, against a person if:

"(a)   The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(b)   It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c)   The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

There must be at least two "contacts" within two years of the filing of the petition. ORS 30.866(6); ORS 163.730(7).

Moreover, the Supreme Court has explained that, if the respondent's conduct involves speech, it must be a "threat" in order to constitute an actionable "contact." *Rangel*, 328 Or at 302-03. Under *Rangel*, a threat "is a communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts." *Id.* at 303. A threat does not include "the kind of hyperbole, rhetorical excesses, and impotent expressions of anger or frustration that in some contexts can be privileged even if they alarm the addressee." *Id.* (internal quotation marks omitted).

ORS 30.866 does not expressly provide a method for terminating an SPO. This court, however, has held that an SPO issued under ORS 163.738(2) can be terminated "when, on the respondent's motion, a court finds that the criteria for issuing the order under ORS 163.738(2)(a)(B)(i) to (iii) are no longer present." *Edwards v. Biehler*, 203 Or App 271, 277, 124 P3d 1256 (2005).

The provisions that we relied on in *Edwards* also apply to SPOs issued under ORS 30.866. The main difference between ORS 163.738(2) and ORS 30.866 is that an SPO proceeding under ORS 163.738(2) begins with a complaint by the

victim and a citation issued by a law enforcement officer, but a proceeding under ORS 30.866 begins with the victim's petition directly to the court for an SPO. ORS 30.866(1); ORS 163.744. The statutes require the same evidentiary showing, ORS 30.866(7); ORS 163.738(2)(a)(B), and the proceedings for both types of SPO are governed by the same statutory provision, ORS 163.738. ORS 30.866(3)(a) ("At the hearing * * * the court * * * may proceed to enter a court's stalking protective order and take other action as provided in ORS 163.738."); ORS 163.738.

Our holding in *Edwards* rested on ORS 163.738(2)(b), which explains that an SPO is "of unlimited duration unless limited by law," and ORS 163.741, which refers to an order terminating an SPO. 203 Or App at 274-75. Both of those provisions also apply to ORS 30.866. ORS 30.866(3)(a); ORS 30.866(11). Accordingly, the same termination procedure set out in *Edwards* for SPOs issued under ORS 163.738(2) also applies to SPOs issued under ORS 30.866. Thus, a court may terminate an SPO issued under ORS 30.866 when, on the respondent's motion, it finds that the criteria for issuing the order under ORS 30.866(1)(a) to (c) are no longer present.

In *Edwards*, we explained that the first two criteria for issuance—*viz.*, (1) repeated and unwanted contact (2) that results in objectively reasonable coercion or alarm—"will be absent if the respondent has complied with the order prior to seeking termination." 203 Or App at 277 n 5. As a result, "[t]he court's inquiry will focus primarily on [the third criterion:] whether [the] petitioner continues to suffer 'reasonable apprehension' " regarding his or her personal safety or the personal safety of his or her immediate family or household "due to the past acts of the respondent." *Id.* at 277. In addition, on a motion to terminate, the respondent, rather than the petitioner, bears the burden of proof. *Benaman v. Andrews*, 213 Or App 467, 477, 162 P3d 280 (2007).

"The court's function in determining whether an SPO should be terminated is not to re-evaluate the correctness of the original order *or* to determine whether the circumstances since the issuance of the original SPO would be sufficient to justify the issuance of a new SPO." *Id.* at 476

(emphasis in original). Instead, the respondent must show that the petitioner no longer subjectively fears for his or her personal safety or that "the circumstances since the issuance of the SPO are such that a person would not continue to have reasonable apprehension for [his or] her safety based on the conduct that gave rise to the issuance of the SPO." *Id.* That determination rests on all of the parties' history and circumstances, before and after the issuance of the SPO: "Although an awareness of the circumstances giving rise to the original order is necessary to the court's determination, the circumstances subsequent to the order also bear on whether the petitioner continues to suffer a 'reasonable apprehension.' " *Id.* at 477.

Under *Rangel*, a court may not consider speech as an actionable "contact" unless it is a threat. However, *Rangel* does not prevent a court from considering nonthreatening speech as context for other contacts. *Habrat v. Milligan*, 208 Or App 229, 237, 145 P3d 180 (2006). Accordingly, we conclude that a court may consider speech that does not meet the *Rangel* standard on a motion for termination because the existence of actionable "contacts" is not the predicate test. Instead, the respondent's speech provides context that sheds light on whether the petitioner has a continuing apprehension regarding personal safety and whether that apprehension is objectively reasonable.

The fact that the respondent bears the burden of proof at the hearing on termination also supports that conclusion. Because of that burden, the court's consideration of the respondent's speech may result in its denial of his or her motion to terminate the SPO, but it cannot result in any new restraint on the respondent's speech. *Cf. State v. Ryan*, 350 Or 670, 682, 261 P3d 1189 (2011) (concluding that a speech-based violation of an SPO need not meet the *Rangel* standard in order to qualify for criminal prosecution because "[t]he restriction on [the] defendant's speech rights occurred (if at all) when the trial court entered a stalking protective order that barred [the] defendant from communicating with the victim in any way"). If the motion is denied, the SPO merely remains in place. Accordingly, a court may consider a respondent's constitutionally protected speech when determining whether to terminate an SPO.

Because a trial court can consider a respondent's speech when determining whether to terminate an SPO even if the speech does not constitute a *Rangel* threat, the trial court in this case erred in concluding that it could not consider respondent's Internet postings when determining whether to terminate the SPO.

Reversed and remanded.