Argued and submitted March 15, in A150433, appeal dismissed, in A150434, reversed May 8, 2013

Nicole Rose JANSON,
*Petitioner-Respondent,*

*v.*

Pratima KORE,
*Respondent-Appellant.*

Multnomah County Circuit Court
111071754, 111216634;
A150433 (Control), A150434

301 P3d 443

Andy Simrin argued the cause for appellant. With him on the brief was Andy Simrin PC.

No appearance for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Respondent appeals a judgment that imposed a permanent stalking protective order (SPO) against her, contending that the circuit court lacked authority to impose that SPO. Respondent also appeals an order of the circuit court that dismissed a temporary restraining order that had been imposed against her under the Family Abuse Prevention Act (FAPA). We reverse the judgment imposing the SPO and dismiss her appeal of the circuit court's FAPA order.

The relevant facts are procedural. Petitioner filed a petition for a restraining order in circuit court under FAPA.[1] ORS 107.700 - 107.735. The FAPA case was assigned Case Number 111071754. The court issued a temporary restraining order against respondent and scheduled a hearing to determine whether that restraining order should be extended. At the close of that hearing, the court concluded that petitioner had not met her burden under FAPA and dismissed the FAPA temporary restraining order. Without any forewarning or an opportunity for respondent to object, the court then indicated to both parties that it would—on its own motion—enter a permanent SPO against respondent. The court subsequently entered an order dismissing the FAPA temporary restraining order in Case Number 111071754. The court also entered a judgment that imposed the SPO under a different Case Number, 111216634, which the trial court apparently created solely for the purpose of entering that judgment. Respondent filed two notices of appeal, one concerning the order dismissing the FAPA case and the other concerning the SPO judgment. Both appeals seek

---

[1] We explained in *Hanzo v. deParrie*, 152 Or App 525, 527 n 1, 953 P2d 1130 (1998), *rev den*, 328 Or 418 (1999):

"In civil stalking proceedings, the party applying for relief is denominated the 'petitioner' and the party against whom relief is sought is the 'respondent.' Obviously, that nomenclature can be confusing in an appeal like this, where the 'respondent' below is the appellant and the 'petitioner' below is the respondent. Nevertheless, for consistency and in accordance with our own rules governing designation of parties in briefs, ORAP 5.15, all references to 'respondent' are to [respondent below] and all references to 'petitioner' are to [petitioner below]."

Similarly, in this opinion all references to petitioner are to petitioner in the circuit court and all references to respondent are to respondent in the circuit court.

reversal of the circuit court's SPO judgment, and we have consolidated them for our review.[2]

We begin with the SPO judgment in Case Number 111216634. "The measure of the court's authority in the administration of statutory remedies is to be found in the statute creating the procedure." *Parmele v. Mathews*, 233 Or 616, 619, 379 P2d 869 (1963). Oregon law authorizes a circuit court to issue an SPO in only two circumstances. First, a circuit court may do so after a person brings a civil action and seeks an SPO as a remedy. ORS 30.866. Second, a court may do so after a person has presented a complaint to a law enforcement officer and that officer has served a citation containing specific notice requirements on the person sought to be restrained. ORS 163.735; ORS 163.738; ORS 163.744. Petitioner in this case took neither of those routes, and at no time did she ask the court to issue an SPO.[3]

The relevant statutes do not grant a circuit court the authority to impose an SPO *sua sponte*, let alone to create an entirely new case and enter a judgment imposing an SPO with no forewarning to either party. Thus, the circuit court erred by invoking an authority that it had not been asked to invoke.

We turn to respondent's appeal from case number 111071754. Because we are reversing the SPO judgment, respondent has requested that we dismiss her appeal from

---

[2] The appeal in Case Number 111071754 is designated A150433. The appeal in Case Number 111216634 is designated A150434.

[3] We acknowledge that FAPA authorizes a circuit court, in certain circumstances, to consider additional issues outside those listed in the parties' filings with the court:

"The [FAPA] hearing shall not be limited to the issues raised in the respondent's request for hearing form. If the respondent seeks to raise an issue at the hearing not previously raised in the request for hearing form, or if the petitioner seeks relief at the hearing not granted in the original order, the other party shall be entitled to a reasonable continuance for the purpose of preparing a response to the issue."

ORS 107.718(10)(c). We do not need to decide whether that subsection could be construed as a grant of authority to issue an SPO in a FAPA hearing, because neither petitioner nor respondent ever raised the issue of an SPO at any point in the course of the circuit court proceedings.

the FAPA case. The appeal from that case is therefore dismissed.

In A150433, appeal dismissed. In A150434, reversed.