Argued and submitted January 28, affirmed August 12, 2020

J. S. E.,
*Petitioner-Respondent,*

*v.*

Robert James CUBIC,
*Respondent-Appellant.*

Josephine County Circuit Court
14CV0077; A169863

473 P3d 117

This is an appeal from an order denying respondent's motion to terminate a stalking protective order (SPO) to which he had stipulated four and a half years earlier. Respondent assigns error to that denial, arguing that (1) he met his burden by the passage of time without SPO violations and his declaration that he desired no contact with petitioner and (2) petitioner's failure to offer any evidence at the hearing required dismissal. *Held*: The trial court did not err in denying respondent's motion to terminate the SPO. Respondent did not carry his burden because he did not address the concerns that underlay the issuance of the SPO or why a four-year period of compliance with a legal mandate would sufficiently abate those concerns.

Affirmed.

Pat Wolke, Judge.

Edward H. Talmadge argued the cause for appellant. Also on the brief was Edward H. Talmadge P.C.

No appearance for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

## MOONEY, J.

This is an appeal from an order denying respondent's[1] motion to terminate a stalking protective order (SPO) to which he had stipulated four and one-half years earlier. Respondent assigns error to that denial, arguing (1) that he met his burden by the passage of time without SPO violations and his declaration that he desired no contact with petitioner and (2) that petitioner's failure to offer any evidence at the hearing required dismissal. We conclude that respondent's argument improperly shifts the burden of proof on his motion to terminate from himself to petitioner, and that, when correctly viewed, the trial court permissibly determined that respondent did not carry his burden. We affirm.

As an initial matter, respondent contends that we should conduct *de novo* review. However, while we have discretion to do so, we generally reserve that discretion for "exceptional cases." ORS 19.415(3)(b); ORAP 5.40(8)(c); *Carter v. Bowman*, 249 Or App 590, 592 n 2, 277 P3d 634, *rev den*, 352 Or 377 (2012). This is not such a case. We review for errors of law. *Carter*, 249 Or App at 591. We presume that the circuit court found facts consistent with its judgment, *see Lefebvre v. Lefebvre*, 165 Or App 297, 302 n 2, 996 P2d 518 (2000), and we are bound by those implicit factual findings if any evidence in the record supports them, *Maffey v. Muchka*, 244 Or App 308, 313, 261 P3d 26 (2011). We state the following pertinent facts consistent with those standards.

In 2014, petitioner sought an SPO against respondent by filing a stalking complaint with a law enforcement officer pursuant to ORS 163.744. A stalking citation was issued prohibiting contact and notifying respondent of a hearing date. Both parties appeared for the hearing and represented themselves. Petitioner testified about her relationship with respondent, several threats she had received from respondent and his family, and several instances of damage to her house, including a "smashed" bedroom window, graffiti, and being "egg[ed]." Petitioner testified that

---

[1] In stalking protective order cases, we refer to the parties by their status in the circuit court. *Edwards v. Biehler*, 203 Or App 271, 273 n 1, 124 P3d 1256 (2005).

those threats and incidents prompted her to move out of that house but that the threats continued after she moved. The court adjourned at the close of petitioner's testimony, continuing the rest of the hearing to another date. In the meantime, the parties retained lawyers through whom they appeared at the next hearing date. At that time, the parties stipulated through counsel to entry of a final SPO. No additional evidence was offered or received. The court accepted the stipulation and issued a final stalking protective order and judgment of unlimited duration.

In 2016, respondent moved to terminate the SPO but withdrew the motion four months later because he was unable to serve petitioner. In 2018, respondent again filed a motion to terminate the SPO along with a declaration, in which he averred:

"1.   I, [respondent], am the defendant in the above captioned matter.

"2.   The criteria for the ORS 163.738 of the stalking order against me no longer exists.

"3.   I have not seen or had contact with the petitioner in this matter, ***, [subsequent] to the stalking order being put in place.

"4.   I have no desire to meet her or see the petitioner ever again.

"5.   I personally do not intend to contact the petitioner in any fashion.

"6.   There is an issue of a judgement [*sic*] against [petitioner] related to my late father's estate.

"7.   If necessary, any contact with [petitioner] would be through attorneys and not by me.

"8.   Therefore, I request that the stalking order put in place be removed."

A hearing was held on respondent's motion and the court heard counsel's oral arguments. No testimony or other evidence was offered or received. Counsel for petitioner argued that the SPO was issued based on a stipulation from respondent and that petitioner was "still terrified" of respondent. Counsel for respondent argued that the family

dispute that led to the SPO "ha[d] ended" and that respondent did not know where petitioner lived, as demonstrated by his difficulty serving her with motions to terminate in 2016 and 2018. Counsel for petitioner argued that respondent was unable to locate her "because she lives in fear, she hides from him." The court denied the motion to terminate the SPO. Respondent appeals.

The issue on a motion to terminate an SPO is whether, in view of all of the circumstances, the criteria for issuing the order are no longer present. *Edwards v. Biehler*, 203 Or App 271, 277, 124 P3d 1256 (2005). Here, the SPO was issued under ORS 163.738(2)(a)(b), which provides that the court may enter a

"stalking protective order if the court finds by a preponderance of the evidence that:

"(i)   The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(ii)   It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(iii)   The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

The first two criteria for issuance of an SPO under ORS 163.738—"(1) repeated and unwanted contact (2) that results in objectively reasonable coercion or alarm—'will be absent if the respondent has complied with the order prior to seeking termination.'" *Carter*, 249 Or App at 594 (quoting *Edwards*, 203 Or App at 277 n 5). Therefore, in such a case, a court presented with a motion to terminate must "focus primarily on the third criterion: whether the petitioner continues to suffer 'reasonable apprehension' regarding his or her personal safety *** due to the past acts of the respondent." *Id.* (brackets omitted). The court's function "is not to re-evaluate the correctness of the original order *or* to determine whether the circumstances since the issuance of the original SPO would be sufficient to justify the issuance of a

new SPO." *Benaman v. Andrews*, 213 Or App 467, 476, 162 P3d 280 (2007) (emphasis in original).

Further, it is a respondent's burden to demonstrate "that the concerns that underlay the issuance of the original SPO have sufficiently abated that the order should be set aside." *Id.* To satisfy that burden, a "respondent must show that the petitioner no longer subjectively fears for his or her personal safety or that 'the circumstances since the issuance of the SPO are such that a person would not continue to have reasonable apprehension for his or her safety based on the conduct that gave rise to the issuance of the SPO.'" *Carter*, 249 Or App at 595 (quoting *Benaman*, 213 Or App at 476) (brackets omitted)). The court considers "all of the parties' history and circumstances, before and after the issuance of the SPO." *Id.*

We do not understand respondent to argue that, based on the evidence he presented, the trial court was required to find that petitioner does not subjectively fear for her safety. Instead, the issue is whether, on this record, the trial court had no choice but to conclude that respondent carried his burden to establish that the concerns that resulted in the issuance of the original SPO have sufficiently abated such that the order should now be set aside.

Respondent contends that, because petitioner did not present any evidence to contradict his declaration that he had not seen petitioner since the issuance of the SPO, and that he does not desire further contact with her, he satisfied his burden of proof and the SPO should have been terminated. That argument, however, does not address his burden to demonstrate that petitioner does not continue to have reasonable apprehension for her safety based on the conduct that gave rise to the issuance of the SPO in the first place. *See id.* He argues that the burden shifts to petitioner because a few years have passed during which he has not violated the SPO and because he now declares he will have no further contact with petitioner.

As in *Edwards*, we look to the statutory framework for the Family Abuse and Prevention Act (FAPA) to better understand the framework for SPOs because FAPA restraining orders and SPOs serve similar purposes through the use

of restraining orders. In addition to the similarities, there are important durational differences that, when understood correctly, provide insight into respondent's burden of proof on his motion to terminate the SPO. FAPA

> "is related to [the] stalking statutes in that both are directed at similar harms and address those harms through entry of orders—SPOs in the case of stalking and restraining orders in the case of FAPA—requiring the respondent to, among other things, avoid contact with the petitioner. FAPA permits a court to issue a restraining order against domestic abusers when the victim has been abused and is in imminent danger of further abuse by the respondent. ORS 107.710-107.718."

*Edwards*, 203 Or App at 276-77.

A restraining order issued under FAPA is effective for one year at most. ORS 107.718(3). An SPO, on the other hand, becomes permanent once a court has determined that the statutory criteria are met. ORS 30.866; ORS 163.738. A FAPA restraining order may be continued for more than a year "only if the court finds that 'a person in the petitioner's situation would reasonably fear further acts of abuse by the respondent' based on (at minimum) 'a sworn ex parte petition alleging facts supporting the required finding'; the respondent may request a hearing to contest the renewal. ORS 107.725." *Edwards*, 203 Or App at 277. Importantly, FAPA places the burden on the petitioner (as the moving party) to produce evidence in support of continuing the restraining order beyond a year, while the burden for termination of a permanent SPO resides with the respondent (as the moving party). The mechanics of FAPA work to automatically terminate FAPA restraining orders after one year *unless* the *petitioner* can prove that it should continue. The mechanics of SPOs work in the other direction so that the SPO remains in effect *unless* the *respondent* can prove that it should terminate. In other words, respondent was required to establish that all three criteria for issuing the SPO were no longer present.

With that understanding of the burden of proof in mind and viewing the evidence in the light most favorable to the circuit court's conclusions, we conclude that the trial

court permissibly determined that respondent did not carry his burden. Respondent simply presented evidence that he did not violate the SPO, but his declaration did not address the concerns that underlay the issuance of the SPO or why a four-year period of compliance with a legal mandate would sufficiently abate those concerns—concerns to which he stipulated. He did not attempt to prove that petitioner's subjective fear was not objectively reasonable. Nor did he attempt to explain how the passage of four years would have changed petitioner's understanding of the threat that he posed to her. Instead of offering evidence, for example, that respondent had moved to another state or had completed counseling or anger management therapy or that prior relationship or family dynamics had changed in such a way as to make continued fear less objectively reasonable, he attempted to carry his burden—not by meeting it—but by placing it onto petitioner's shoulders. The circuit court did not err in denying respondent's motion to terminate the SPO.

Affirmed.