Argued and submitted November 29, 2021; judgment reversed as to firearms prohibition, otherwise affirmed; supplemental judgment reversed March 23, 2022

P. O. B.,
*Petitioner-Respondent,*
*v.*

Dennis Michael HARNY,
*Respondent-Appellant.*

Deschutes County Circuit Court
20SK00206; A174361

507 P3d 800

Wells B. Ashby, Judge.

Andy Simrin and Andy Simrin PC filed the brief for appellant.

Michael W. Peterkin and Peterkin Burgess filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Judgment reversed as to firearms prohibition; otherwise affirmed. Supplemental judgment reversed.

**PER CURIAM**

In January 2020, petitioner filed a uniform stalking complaint with law enforcement to initiate obtaining a stalking protective order (SPO) against respondent, based on repeated unwanted contacts. *See* ORS 163.744 (providing procedure). Upon determining that probable cause existed, law enforcement issued and served a uniform stalking citation. *See* ORS 163.735. A contested hearing was held in July 2020. *See* ORS 163.738. The trial court entered a Final Stalking Protective Order and Judgment, which included a permanent SPO and a firearms prohibition, and a supplemental judgment awarding attorney fees and costs to petitioner. Respondent appeals. He contends that the court erred by (1) issuing the SPO; (2) ordering him not to possess firearms; and (3) awarding attorney fees and costs. We affirm the SPO, reverse the firearms prohibition, and reverse the award of attorney fees and costs.

*First Assignment of Error.* Respondent asserts that the trial court could only consider contacts cited in the uniform stalking complaint and that those contacts were insufficient to support an SPO. Alternatively, he argues that all contacts proved at the hearing were legally insufficient to support an SPO. We disagree in both regards.

Respondent never argued to the trial court that it could consider only contacts cited in the uniform stalking complaint. Review of unpreserved claims of error is discretionary and limited to plain error. *State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). Defendant has not requested plain-error review, and, in any event, any error was not plain. Among other things, an error is "plain" only if the legal point is obvious and not reasonably in dispute. *Id*. Here, nothing in the statutory scheme clearly limits a petitioner's proof at hearing to the contacts identified in the complaint. *See* ORS 163.735 - 163.744.[1] Any procedural error was not plain.

---

[1] ORS 163.738 governs the conduct of an SPO hearing. That is so whether the proceeding was initiated by filing a civil complaint with the court under ORS 30.866 or by filing a uniform stalking complaint with law enforcement under ORS 163.744. *Carter v. Bowman*, 249 Or App 590, 594, 277 P3d 634, *rev den*, 352 Or 377 (2012). The same evidentiary standard also applies in either case. *Id.* That being so, it seems that ORCP 23 B would either apply—or not—without regard to

We turn to the merits. "In evaluating petitioner's evidence for legal sufficiency, we must determine whether petitioner presented enough evidence, as a matter of law, to permit reasonable persons to conclude that the evidence established each element by the requisite burden of proof (here, preponderance of the evidence)." *Ragsdale v. Fleming*, 265 Or App 342, 348, 336 P3d 534 (2014) (internal quotation marks omitted); *see also Delgado v. Souders*, 334 Or 122, 128, 46 P3d 729 (2002) (concluding "that plaintiff presented sufficient evidence to establish all the elements required to obtain an SPO"). As relevant here, to obtain the SPO, petitioner had to prove that respondent intentionally, knowingly, or recklessly engaged in at least two unwanted contacts, which subjectively alarmed her; that it was objectively reasonable for her to be alarmed; and that the contacts caused her reasonable apprehension regarding personal safety. ORS 163.738(2)(a)(B); *Edwards v. Biehler*, 203 Or App 271, 274, 124 P3d 1256 (2005).

A "contact" may be physical in nature, such as "coming into the visual or physical presence of the other person," ORS 163.730(3)(a), or "following the other person," ORS 163.730(3)(b). Or it may be speech-based, such as "[s]peaking with the other person by any means," ORS 163.730(3)(e), or "[s]ending or making written or electronic communications in any form to the other person," ORS 163.730(3)(d). Given constitutional protections for speech, a speech-based contact must be intended as a threat under the standard articulated in *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999), to count as a qualifying contact for SPO purposes. However, speech may be considered as context for other contacts. *Habrat v. Milligan*, 208 Or App 229, 237, 145 P3d 180 (2006). More generally, "unwanted contacts must be considered in the context of the parties' entire history." *Pinkham v. Brubaker*, 178 Or App 360, 372, 37 P3d 186 (2001).

---

how the proceeding was initiated. If it applies, the court did not err in allowing unpleaded contacts to be tried by implied consent. *See* ORCP 23 B ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Fraker v. Benton County Sheriff's Office*, 214 Or App 473, 481, 166 P3d 1137, *adh'd to on recons*, 217 Or App 159, 174 P3d 1111 (2007) (noting that, under ORCP 23 B, it is irrelevant whether the pleading is ever expressly amended). If it does not apply, then due process would impose limitations, but respondent does not claim any due process violation, nor is any due process violation apparent.

Having reviewed the record, petitioner's evidence was legally sufficient. At a minimum, three in-person contacts in May 2019, November 2019, and December 2019 and two threatening letters sent to mutual acquaintances on January 25, 2020, and January 27, 2020, were qualifying contacts, including satisfying the *Rangel* standard as to the speech-based contacts.[2] We reject the first assignment of error.

*Second Assignment of Error.* Respondent argues that the trial court erred by ordering him not to possess firearms. ORS 163.738(2)(b) allows an Oregon court to include in an SPO, "when appropriate, terms and findings sufficient under 18 U.S.C. 922(d)(8) and (g)(8) to affect the respondent's ability to possess firearms and ammunition or engage in activities involving firearms." Section 922(d)(8) makes it unlawful to sell firearms or ammunition to a person who is subject to a court order restraining the person from "harassing, stalking, or threatening an intimate partner," if, among other things, the order contains "a finding that such person represents a credible threat to the physical safety of such intimate partner." Section 922(g)(8) makes it unlawful for a person to possess firearms or ammunition received through interstate commerce, if the person is subject to a court order restraining the person from "harassing, stalking, or threatening an intimate partner" and, among other things, the order contains "a finding that such person represents a credible threat to the physical safety of such intimate partner."[3]

We agree with respondent that ORS 163.782(2)(b) did not authorize the court to prohibit him from possessing firearms. Petitioner and respondent are strangers, precluding the "intimate partner" findings necessary to trigger the

---

[2] We disagree with respondent that we should consider only the speech-based contacts that the trial court referenced during its oral ruling. The court was obviously troubled by the series of letters that respondent sent to mutual acquaintances in January 2020. However, the court found that there had been "abundant contacts," both expressive and nonexpressive, and it generally credited petitioner's testimony and discredited respondent's testimony. The court's statements as a whole made clear that it was relying on contacts that included but were not limited to the January 2020 letters. We therefore consider all of the hearing evidence. *See Ragsdale*, 265 Or App at 350.

[3] We describe only the most pertinent aspects of 18 USC sections 922(d)(8) and (g)(8).

federal firearms restrictions in 18 USC sections 922(d)(8) and (g)(8). And nothing else in the SPO statutes allows for imposition of a firearms prohibition. *See Janson v. Kore*, 256 Or App 514, 516, 301 P3d 443 (2013) ("'The measure of the court's authority in the administration of statutory remedies is to be found in the statute creating the procedure.'" (Quoting *Parmele v. Mathews*, 233 Or 616, 619, 379 P2d 869 (1963).)). We reverse the firearm prohibition contained in the order.

*Third Assignment of Error.* Respondent contends that the trial court erred by awarding attorney fees and costs to petitioner, because there is no statutory authority for an award. *See Norris v. R & T Manufacturing, LLC*, 266 Or App 123, 125, 338 P3d 717 (2014), *rev den*, 357 Or 111 (2015) ("statutory or contractual authorization" is generally required for a fee award). We agree with respondent that this issue is preserved, and we review for legal error. *Johnson v. O'Malley Brother's Corp.*, 285 Or App 804, 812, 397 P3d 554, *rev den*, 362 Or 300 (2017).

When a party files a civil stalking complaint directly with the court and obtains an SPO, the court may award reasonable attorney fees and costs. *See* ORS 30.866(4)(c) ("The plaintiff may recover *** [r]easonable attorney fees and costs."). ORS 163.735 to 163.744, which create an alternative procedure to initiate an SPO proceeding by filing a uniform complaint with law enforcement, contains no comparable fee provision. That may be a legislative oversight, or it may be an intentional difference. Either way, the result is the same—there is no statutory authority to award attorney fees to a successful petitioner in an SPO proceeding initiated under ORS 163.744.[4] We reverse the supplemental judgment on that basis.

Judgment reversed as to firearms prohibition; otherwise affirmed. Supplemental judgment reversed.

_____

[4] The trial court described petitioner as having "initiated a civil action as described in ORS 30.866 utilizing the procedures set forth in ORS 163.744 and 163.735." We disagree with that characterization. There are two different ways to obtain an SPO—by initiating a civil action under ORS 30.866, or by seeking a citation under ORS 163.744. Both lead to a hearing governed by ORS 163.738. ORS 30.866(3)(a); *Carter*, 249 Or App at 594. However, that does not transform an action initiated under ORS 163.744 into a civil action under ORS 30.866.